## Case No. 15,804.

### UNITED STATES v. MOORE.

[7 Reporter, 198;[1] 11 Chi. Leg. News, 140.]

Circuit Court, W. D. Alabama. Nov. Term, 1878.

STATUTES—REVISION OF THE LAWS OF THE UNITED STATES.

The enactment of the Revised Statutes by act of congress, was not the enactment of a body of laws as original legislation, but was simply the enactment of a more convenient expression of the law as it existed on December 1, 1873; it does not enact or re-enact anything as law which was not the law on that date.

[Cited in The Marine City, 6 Fed. 414.]

The indictment in question was found at the present term of the court. The plea in abatement briefly stated is, that one of the persons composing the grand jury which found the bill was disqualified to act as such grand juror, because that without duress and coercion he took up arms against the United States and served in the armies of the Confederate States. This presents the question as to whether section 820, Rev. St. U. S. is now in force as a part of the law of the land. On demurrer to plea.

C. E. Mayer, U. S. Dist. Atty.

D. Clopton, E. W. Pettus, W. L. Bragg, and D. S. Tray, for defendant.

BRUCE, District Judge, in delivering the opinion of the court, said: It is admitted that this section was not the law on the 1st day of December, 1873, and it appears that it was section 1 of an act approved June 17, 1862 [12 Stat. 430], and was repealed by section 5 of an act approved April 2, 1871 [17 Stat. 15]. It is claimed that it was re-enacted by the adoption of the Revised Statutes of the United States. Section 5595 of the Revised Statutes provides: "The foregoing seventy-three titles embrace the statutes of the United States, general and permanent in their nature, in force on the 1st day of December, 1873, as revised and consolidated by commissioners appointed under an act of congress, and the same shall be designated and cited as the Revised Statutes of the United States." It certainly cannot be maintained that this language enacts or re-enacts anything as law which was not the law on the 1st day of December, 1873. The seventy-three titles were supposed to embrace the laws of the United States, general

[1] [Reprinted from 7 Reporter, 198, by permission.]

and permanent in their nature, but if they contained anything which was not law on the 1st day of December, 1873, its introduction into the Revised Statutes, be it by mistake or otherwise, cannot, and does not, make it the law. The test of the matter is, was it the law on the 1st day of December, 1873? If not, this language does not re-enact it, [for the adoption of the Revised Statutes is the adoption of the work of the commissioners appointed under an act to provide for the revision and consolidation of the statute laws of the United States approved June 27, 1866 [14 Stat. 74]. By the first section of this act the president of the United States by and with the consent of the senate was authorized to appoint "three persons learned in the law as commissioners to revise, simplify, arrange and consolidate all statutes of the United States, general and permanent, in their nature which shall be in force at the time such commissioners may make the final report of their doings." The report was made and acted upon at the 1st session of the 43d congress and is entitled (see 1st page, Rev. St.) "An act to revise and consolidate the statutes of the United States in force on the first day of December Anno Domini one thousand eight hundred and seventy-three." This act was approved June 20, 1874 [18 Stat. 113], and the result was the book, comprising 73 titles, which congress in section 5595, quoted supra, declared "shall be designated and cited as the Revised Statutes of the United States." When it is said that congress adopted and enacted the Revised Statutes by act approved June 22, 1874, if it is meant by the use of the words "adopt and enact" that congress enacted the 73 titles as the law, that is an error; for congress does not use the word "adopt," or "enact," in the section quoted, but says that the 73 titles embrace the statutes of the United States, general and permanent in their nature, in force on the 1st day of December, 1873. The statutes of the United States had become numerous; many old laws had been repealed and superseded, and others had become absolute, so that the law on many subjects could not readily be ascertained.]²

The object was to consolidate and simplify the law, and the enactment of the Revised Statutes was not the enactment of a body of laws as original legislation, but it was the enactment of a more convenient expression of the law as it existed on the 1st day of December, 1873. To determine how and in what mode the law shall be designated and cited is a very different thing from enacting laws, and the language shows that it was not the latter but the former which congress did when it adopted the Revised Statutes.

[Repealed laws and superseded laws, any portion of which are embraced in any section of the revision, are, by section 5596 of the revision, expressly repealed, and "the section applicable thereto shall be in force in lieu thereof," and the last clause of this section is: "All acts of congress passed prior to said last named day (Dec. 1st, 1873,) no part of which are embraced in said revision, shall not be affected or changed by its enactment;" so that it is a mistake to suppose that all acts of the congress not in the revision are repealed, or that the sections contained in the revision were enacted as laws, if they were not such on the 1st day of December, 1873. This matter is put in a clearer light by reference to an act to provide for the preparation and publication of a new edition of the Revised Statutes of the United States, approved March 2, 1877 [19 Stat. 268]. Rev. St. (2d Ed.) Append. p. 1092. The 4th section of said act provides that when said 2d edition shall have been printed and promulgated as therein provided, "the printed volume shall be legal and conclusive evidence of the laws and treatises therein contained in all the courts. * * *" But before the 2d edition was printed and promulgated, as appears by the same book in which it is printed and promulgated (Rev. St. Append. [2d Ed.] p. 1093), an act was passed by congress to answer an act entitled "An act to provide for the publication of a new edition of the Revised Statutes of the United States," approved March 2d, 1877; approved March 9th, 1878 [20 Stat. 27]. This act consists of but one section and it amends the act of March 2, 1877, by striking out the words "and conclusive." The purpose of this act of March 9, 1878, is too plain to require comment. Congress saw the error into which it had fallen in the act of March 2d, 1877, in making the 2d edition of the Revised Statutes conclusive evidence of the laws therein contained, and corrected it by act of March 9th, 1878, and the correction appears with the error. It is proper to remark that the act providing for the publication of the 1st edition of the Revised Statutes of the United States provided, as the law cited supra now does for the 2d edition, that, "the volume shall be legal evidence of the laws, * * *" and does not make it conclusive.]³

The conclusion is that section 820 of the Revised Statutes, not being the law on the 1st day of December, 1873, was not re-enacted by being carried into the Revised Statutes, and that the juror was not disqualified by reason of the fact that he had without duress and coercion taken up arms and served in the armies of the so-called Confederate States of America. Demurrer sustained.

---

² [From 11 Chi. Leg. News, 140.]

³ [From 11 Chi. Leg. News, 140.]