## MOBILE SAVINGS BANK *v.* PATTY.

*(District Court, N. D. Mississippi, E. D.   October Term, 1882.)*

1. PROMISSORY NOTES—LAW GOVERNING—LEGISLATIVE ENACTMENTS—HOW CONSTRUED.

   Where, by two several acts of the legislature of Alabama,—the one of 1867, the other of 1873,—bills of exchange and promissory notes, payable at a bank or private banking-house, were declared to be governed by the commercial law, and by the other and later enactment bills of exchange and promissory notes, payable at a bank or banking-house, or *a certain place of payment therein designated*, were declared to be so governed; and where both these provisions were brought forward in the Code of 1876 of said state,—the one under section 2100, the other under section 2094 thereof,—*held*, that the insertion of the provision of 1867 in the Code must be considered as an oversight on the part of the codifiers, and that the act of 1873 repealed the act of 1867, so far as there was any conflict between them.

2. SAME—LEGISLATIVE INTENT.

   The supreme court of Alabama, in cases like the above, has decided that, in determining the legislative intent, the dates of the enactment will be looked to, and the one last in time will be held as the law.

At Law.

*R. P. Dischon*, for plaintiff.

*Reves & Reves*, for defendant.

HILL, J.   The question now presented for decision arises upon plaintiff's demurrer to defendant's second and third pleas.   The declaration in substance avers that the note sued upon and described in the declaration was executed and delivered to Bush, Yates & Co., and made payable at the office of the payees in the city of Mobile, Alabama, payable to their order; that before the maturity of the note, Bush, Yates & Co., for value, indorsed and delivered the same to the plaintiffs, who became the *bona fide* holders thereof.   The second plea avers that before the defendant had notice of the transfer of the note to plaintiffs, he had paid the amount of said note by shipments of cotton to said Bush, Yates & Co., which they applied to their own use, by which said note was fully paid off and discharged before the commencement of this suit.   The question raised by the demurrer is, does this plea present a valid defense to this action?   It is admitted that, the note being made payable at Mobile, the rights of the parties must be determined by the laws in force in Alabama at the time the note was given and the rights of the plaintiffs accrued.   It is also admitted that the construction given to the statutes of Alabama by the supreme court of that state will be adopted by this court.   It is further admitted that, this note being made payable at

the office of Bush, Yates & Co., in Mobile, under the act of the legislature of Alabama of 1873, (if that act was in force when the note was executed,) the defense set up in the plea cannot avail. But it is contended by defendant's counsel that, by reason of the insertion of the act of 1867 in the Code of 1876, the act of 1873 was repealed.

The act of 1867 provides that "bills of exchange and promissory notes, payable at a bank or private banking-house, are governed by the commercial law." This provision was brought forward in the Code of 1876 as section 2100, so is the provision of the act of 1873, under section 2094, which describes what shall be negotiable instruments, as follows: "Bills of exchange and promissory notes payable at a bank or banking-house, or a certain place of payment therein designated, are governed by the commercial law;" referring to the act of April 8, 1873. The only difference in the provisions of section 2094 and 2100 is that in section 2094 bills and notes, payable at a place mentioned therein, are made commercial paper, which is not so made under section 2100.

It is expressly held by the supreme court of the United States, in the case of *Oates* v. *Nat. Bank*, 100 U. S. 239, that the act of 1873 repealed the act of 1867, so far as there was any conflict between them.

It is clear that the insertion of section 2100 in the Code of 1876 was an oversight in the codifiers, which was not observed by the legislature when it was adopted. The supreme court of Alabama, in such cases, has decided that, in determining the legislative intent, the dates of the enactment will be looked to, and the one last "in time will be held as the law." See *State* v. *Slater*, 60 Ala. 213; *Tosey* v. *Tripley*, 60 Ala. 249, and other cases.

I am satisfied that the demurrer to this plea must be sustained. It is not insisted that the third plea is a defense to the action, and if it was so insisted could not be maintained. So that the demurrer to this plea must also be sustained. The defendant will be allowed to plead over if he so desires.