WILBUR G. BRACKETT, Petitioner,

*vs.*

HENRY H. CHAMBERLAIN, Administrator.

Lincoln. Opinion October 23, 1916.

*Appeals from decree or finding of Commissioners on disputed claims. Duty of Court in interpretation of Statutes where omission by mistake is clearly evident. Right of claimant to bring action after hearing and finding of Commissioners. Revised Statutes 1883, Chapter 64, Section 53, and Revised Statutes, 1903, Chapter 66, Section 54, explained.*

A petition for leave to bring an action for money had and received against the defendant as administrator of the solvent estate of Robert A. Brackett, deceased. The petitioner filed his claim against the estate and commissioners were appointed under R. S., ch. 66, sec. 54. From their decision in

favor of the claimant, the administrator appealed, but the claimant-petitioner failed to seasonably bring his action and presented his petition for leave to bring such action. The administrator filed a motion to dismiss the petition, which was overruled. To this ruling, exceptions were allowed.

*Held;*

1. That the failure to include section 15 of chapter 66, R. S. 1883, in section 53 of c. 64, R. S. 1883 was a clear case of accidental omission or mistake which it is the duty of this court to repair, although the same omission is found in the revision of 1903, and that section 15 of chapter 68, R. S. 1903, is to be included in the enumeration of the sections of that chapter in section 54 of chapter 66, R. S. 1903.

2. The fundamental rule in the construction of statutes is that the Legislative intention must prevail whenever that intention can be ascertained, and the construction should be such as to secure harmonious operation as a whole.

3. In considering the action of the Legislature, the presumptions against unreason, inconsistency, inconvenience, and injustice are not to be overlooked.

4. A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute, unless it be within the meaning of the makers.

Petition in vacation to Justice of Supreme Court asking leave to bring an action for money had and received against defendant as administrator. At return term, defendant filed motion to dismiss the petition. After hearing, the Justice presiding overruled the motion to dismiss, to which ruling defendant filed exceptions. Exceptions overruled.

Case stated in opinion.

*George A. Cowan,* for plaintiff.

*J. W. Brackett,* for administrator.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

BIRD, J. This is a petition for leave to bring an action for money had and received against the defendant, as administrator of the solvent estate of Robert A. Brackett, deceased. The defendant filed a motion to dismiss the petition which the presiding Justice overruled. The case is here upon the exceptions of the defendant to this ruling.

It appears from the record before this court that the petitioner duly presented his claim for four hundred and twenty-three dollars, against the solvent estate of intestate to his administrator, who, deeming the claim to be exorbitant, unjust or illegal, made application for the appointment of commissioners as provided in § 54 of c. 66, R. S. (§ 53, c. 64, R. S., 1883). After due proceedings had, the commissioners appointed, awarded the petitioner or claimant, the sum of three hundred and twenty-three dollars and their report was filed and accepted. The administrator seasonably filed and perfected upon his part, an appeal from the decision of the commissioners. The claimant upon receiving the statutory notice of the appeal immediately notified his counsel by letter and directed him to take appropriate action. The letter was never received by counsel and, when he did receive notice of the appeal and the instructions of his client, the period within which an action for money had and received could be brought had elapsed. Thereupon the claimant filed his petition as under § 15 of c. 68, R. S., asking leave to commence an action as therein provided.

The provision of statute allowing the appointment of commissioners upon exorbitant claims against solvent estates had its origin in c. 115 of the Pub. Laws of 1859. By it, it was enacted that "sections five, six, seven, eight, eleven, twelve, thirteen, fourteen and fifteen of chapter sixty-six of the Revised Statutes (1857) shall apply to such claims and the proceedings thereon." Sections five to eight, both inclusive of c. 66, R. S. (1857) regarding insolvent estates, refer to the proceedings before the commissioners, while the remaining sections—eleven to fifteen, both inclusive— gave a right of appeal from decisions of such commissioners and regulated the proceedings thereon. These sections comprised all the provisions respecting appeals at that time to be found in the chapter of the revised statutes relating to insolvent estates. While the last enumerated sections provided for the granting of leave to a claimant, who, by accident or mistake, had omitted to give seasonable notice of an appeal or after notice, had omitted further to prosecute his appeal, to commence an action within a certain period, neither of these sections gave the claimant the right to ask leave to bring such action where, upon the appeal of the administrator or any other interested party, the claimant had by accident

or mistake omitted to bring such action. In 1872 an act entitled "An act relative to claims against insolvent estates" was passed by the Legislature which has become, without material change, section 15 of chapter 66, R. S., 1883 and of chapter 68, R. S., 1903.

It gives the claimant who has omitted to bring his action, the same right to ask leave of the Supreme Judicial Court by petition to bring his action for money had and received in case of appeal by the administrator, etc., as in case of his own appeal.

Neither § 53 of c. 64, R. S., 1883 nor § 54 of c. 66, R. S., 1903, relating to the appointment of commissioners to consider exorbitant claims against solvent estates made § 15 of c. 66, R. S., 1883, or § 15 of c. 68, R. S., 1903, by express terms applicable to such claims.

No reason is perceived why they should not. Indeed there is every reason why they should. The evident intent of the Legislature of 1859, was to make all the provisions of the chapter of the revised statutes regarding appeals from the decisions of commissioners on claims against insolvent estates applicable to appeals from the like decisions on exorbitant claims against solvent estates. All then existing were made so. The act of 1872, c. 36, was to repair an omission in the matter of appeal from decisions of the former class. It was in effect an amendment of the provisions regarding appeals. *State* v. *Chadbourne,* 74 Maine, 506, 508.

The amendment of § 12 and § 11 of c. 66 of the Revised Statutes of 1857 by c. 201, Pub. Laws, 1868 and c. 113, § 10, Pub. Laws of 1870 respectively, became a part of the respective sections, to which the public acts cited expressly referred, in the revision of the statutes made in 1871 and the amended sections were expressly made applicable to appeals from the decisions of commissioners on claims against solvent estates. R. S., 1871, c. 64, § 51.

The act of 1872, however, made no express reference to any section of the Revised Statutes and in the revision of the statutes made in 1883 became a distinct section (15) of that portion of the chapter on insolvent estates regulating appeals. The commissioner on that revision omitted the new section (15) from those made applicable to appeals from the decisions of commissioners on claims against solvent estates, R. S., 1883, c. 64, § 53, while including those amended, as we have seen, in 1868 and 1870. See Resolves,

1881, c. 26, Resolve for revision and consolidation of Public Laws. Had the commissioner on the revision of 1883 made c. 36 of the Public Laws of 1872 a part of section 13 of c. 66 of his revision, where it can be cogently urged it should have been placed, it could not successfully be contended that the Legislature adopting the revision would have refused to make such section applicable to appeals from decisions of commissioners upon claims against solvent estates. The failure to include section 15 of c. 66, R. S., 1883, in section 53 of c. 6, R. S., 1883, was a clear case of accidental omission mistake which it is the duty of this court to repair, although the same omission has been perpetuated in the revision of 1903. We conclude that section 15 of c. 68, R. S. (1903) is to be included in the enumeration of sections of that chapter in section 54 of c. 66 of the same revision. See *State* v. *Chadbourne,* 74 Maine, 506.

If there could be any doubt as to the conclusion reached, it disappears in the light of § 26, c. 68, R. S. (Pub. Laws, 1873, c. 116, § 1) which is as follows: "When commissioners appointed under section fifty-four of chapter sixty-six have reported on any claims submitted to them, and their report has been accepted without appeal, it is final, notwithstanding the estate afterwards proves insolvent. . . . The amount awarded by the first commissioners shall be entered by the Judge on the list of debts entitled to dividends." The effect of the statute, if our conclusion be not right, is to place the claim against a solvent estate, subsequently declared insolvent, in a different class from a claim against an insolvent estate, so far as the results of accident or mistake are concerned. In one case an administrator may invoke the action of commissioners and appeal from their decision, and, if the claimant fails to bring his action from accident or mistake, he is without remedy, while in the latter, if the administrator appeals from the decision of commissioners appointed in an insolvent estate, the claimant is afforded a remedy for his accident or mistake.

It cannot be that such inequality was intended by the Legislature, especially in view of the fact that the legislation of 1873, was one year later than the act of 1872 (Pub. Laws, 1872, c. 36).

The fundamental rule in the construction of statutes is that the legislative intention must prevail whenever that intention can be

ascertained. *Lyon* v. *Lyon,* 88 Maine, 395, 401 ; *State* v. *Kaufman,* 98 Maine, 546, 548. The construction should be such as to secure harmonious operation as a whole. We are aware that we have held that where part of a clause is omitted in revision, the part omitted cannot be revived by construction; *Pingree* v. *Snell,* 42 Maine, 53, 55; and that when a statute is revised and a provision contained in it, is omitted in the new statute, the inference to be drawn from such a course of legislation, would be that a change in the law was intended to be made. If the omission was by accident, it belongs to the Legislature to supply it. *Buck* v. *Spofford,* 31 Maine, 34, 36. To the same effect as the case last cited is *Union Ins. Co.* v. *Greenleaf,* 64 Maine, 123, 129, where, however, in applying the rule it is stated that the case suggests nothing doubtful or obscure. But neither of these cases presents the aspect of the case before us. In considering the action of the Legislature, the presumptions against unreason, inconsistency, inconvenience and injustices are not to be overlooked. Endlich on Stats., c. IX; *Cummings* v. *Everett,* 82 Maine, 260, 264, 265.

In construing a section of the National Bank Act, regarding suits or actions thereunder, the Supreme Court of the United States held that the omission of the word "by" contained in a prior enactment, was accidental, remarking that it was not to be supposed that Congress intended to exclude the associations from suing in the courts where they can be sued, and held that suits might be so brought by the associations. *Kennedy* v. *Gibson,* 8 Wall, 498, 506. A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute unless it be within the meaning of the makers. *Oates v. National Bank,* 100 U. S., 239, 244. See also *Mobile Savings Bank* v. *Patty,* 16 Fed., 751, 752. Farnum's Appeal, 107 Maine, 488, 491 ; *Georgetown* v. *Hanscome,* 108 Maine, 131, 133; *Brickett* v. *Haverhill Aqueduct Co.,* 142 Mass., 394, 398.

*Exceptions overruled.*