(No. 17456.—Reversed and remanded.)
ROSA FISH *et al.* Appellees, *vs.* J. H. WALSH, Appellant.

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

1. MUNICIPAL CORPORATIONS—*both sides of corner lot may be counted in complying with ordinance requiring frontage consent.* Where an ordinance forbids the installing of tanks for gasoline or other inflammable liquids without obtaining the written consent of the owners of a majority of the frontage within 150 feet from and parallel with the boundaries of the lot upon which the tank is to be installed, the party desiring such consent is entitled, in computing frontage, to include more than one side of a corner lot.

2. SAME—*ordinance for purpose of codification, only, does not enact a new law.* Where an ordinance providing for codification of existing laws shows that such, only, is its purpose, it does not enact a new law or revive one theretofore repealed.

3. SAME—*an ordinance may be shown to have been erroneously included in the codification.* Under the statute providing that an authorized printed book of ordinances shall be received as evidence of the passage and legal publication thereof, such is only *prima facie* evidence of the validity of the ordinances, and the records of the city council and the manner of the passage of the ordinances may be resorted to for the purpose of overcoming such *prima facie* evidence by showing that a particular part of the codification was included through inadvertence of the compiler.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

CHARLES J. MONAHAN, JAMES P. GRAHAM, and GEORGE F. ORT, (CARL J. APPELL, of counsel,) for appellant.

· Joseph F. Grossman, (William A. Doyle, of counsel,) for appellees.

Mr. Chief Justice Stone delivered the opinion of the court:

Appellees filed a bill in the circuit court of Cook county seeking to enjoin appellant from constructing a gasoline filling station on his premises at the corner of Kedzie avenue and Washington boulevard, in the city of Chicago. The court entered a decree in accordance with the prayer of the bill and granted an appeal direct to this court under the usual recital in the decree that the validity of a municipal ordinance is involved and that in his opinion the public interest requires a direct appeal.

Appellees are property owners in the block in which the proposed filling station was being erected. The bill is based on the allegations that appellant had not obtained the necessary frontage consent, as required by either of two certain ordinances referred to in the bill. The first ordinance, appearing in the published municipal code of 1922 of the city of Chicago as section 2279, forbids the installation of any tank or tanks for the storage of gasoline or other inflammable liquids without obtaining the written consent of the owners of a majority of the frontage within 150 feet from and parallel with the boundaries of the lot upon which it is proposed to install such tank or tanks. The other ordinance, appearing in the municipal code as section 291, forbids the location of a filling station on any lot in any block or square in which two-thirds of the improved property surrounding such block or square, according to frontage on both sides of the street, is used exclusively for residence purposes, without first obtaining the written consent of the owners of a majority of the frontage on both sides of the streets surrounding such block or square.

Appellant defends on the ground, first, that he had complied with the ordinance first herein mentioned and had

secured the required amount of frontage to obtain a license under the ordinance. Appellees, on the other hand, contend that the frontage secured by appellant was not sufficient under that ordinance, and argue that he is not entitled, in computing frontage, to include more than one side of a corner lot. This question has been decided to the contrary in *Standard Oil Co.* v. *Kamradt,* 319 Ill. 51. Appellant sufficiently complied with that ordinance.

A question is also raised as to the other ordinance. Appellant claims, first, that that ordinance, referred to as the "around the block ordinance," had been repealed and was not re-enacted; and second, that even though it was actually an ordinance, it had been complied with.

The language of this ordinance shows that it applies to the business of operating a filling station. Appellant points out that while it appears in the municipal code of 1922 of Chicago as section 291, it was, in fact, expressly repealed by ordinance and was incorporated in the municipal code through inadvertence, and is not, therefore, in existence as a valid ordinance. It is also argued that there is no statutory authority giving a city the right to regulate the location of or to license a filling station.

As to the first ground, it appears from the record that the provisions of this ordinance were first enacted in 1912 as a part of article 17 of an act establishing a bureau of fire prevention; that it was thereafter, in 1915, expressly repealed and not thereafter re-enacted. On May 3, 1922, the ordinance first herein referred to was enacted. On November 22, 1922, the city council ordered the publication of a municipal code, and the ordinance known as the "around the block ordinance," which had been repealed, was through inadvertence placed in the municipal code as section 291. Whether it appears now as a valid ordinance depends very largely upon the provisions of two certain ordinances authorizing the publishing of the municipal code in book form. The ordinance of November 22, 1922, is in part as follows:

"An ordinance revising and codifying the general ordinances of the city of Chicago:

"Whereas numerous changes have been made in the general ordinances of the city of Chicago since the last. revision and codification thereof on March 13, 1911, and it is necessary that such ordinances should be revised, that defects and omissions therein should be corrected, and that they should be codified and arranged in appropriate chapters, articles and sections, therefore," etc.

Thereafter the city council enacted the following ordinance relating to the publication of the municipal code:

"Be it ordained by the city council of the city of Chicago:

"Section 1. That the general ordinances governing the city of Chicago, as revised and codified in chapters, articles and sections by Samuel A. Ettelson, corporation counsel, and as adopted at the meeting of the city council held on November 22, 1922, in the form of one ordinance, entitled 'The Chicago Municipal Code of 1922,' be and the same are hereby ordered printed and published in book form, with a suitable index appended thereto, and such historical and other data preceding it as may be deemed proper by the corporation counsel. Said ordinances shall be so printed and published that the book will show on its face, by means of appropriate words on the title page or otherwise, that the said ordinance entitled 'The Chicago Municipal Code of 1922' has been so published by authority of the city council, and that the same contains all the general ordinances of the city of Chicago (except as noted therein) in force at the time of the adoption of said ordinance, in the form of a code, as aforesaid."

It will be seen that there is nothing in the language of these ordinances which even purports to enact a new ordinance or to revive one previously repealed. Where an ordinance providing for codification of existing laws shows that such, only, is its purpose, it does not enact a new law or

revive one theretofore repealed. *United States* v. *Moore,* 26 Fed. Cas. 1306; *Mobile Savings Bank* v. *Patty,* 16 Fed. 751; *Mathis* v. *State,* 31 Fla. 291.

Appellees contend, however, that evidence tending to show that the ordinance appearing as section 291 in the municipal code was, in fact, included in the code through inadvertence on the part of the compiler is incompetent, and that since the ordinance appears in the code it must be taken as a valid ordinance. That is not the law. The statute provides that a printed book of ordinances shall be received as the evidence of the passage and legal publication thereof. (Cahill's Stat. 1925, chap. 24, sec. 68.) Such evidence is *prima facie* only of the validity of the ordinances, and the records of the city council and the manner of the passage of the ordinances may be resorted to for the purpose of overcoming such *prima facie* evidence. *Illinois Central Railroad Co.* v. *People,* 143 Ill. 434; *People* v. *Hatch,* 33 id. 9.

The assistant corporation counsel testified that the "around the block ordinance" was included in the code through inadvertence, and such is not denied. There is no proof that it was ever re-enacted after its repeal in 1915. This being true, there was no ordinance in the city of Chicago governing the licensing of filling stations at the time the permit was issued, and appellant has complied with the law regulating the placing of tanks containing gasoline and other inflammable liquids. It was error, therefore, to grant the relief prayed in the bill.

The decree is reversed and the cause remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*