(No. 13601.—Judgment affirmed.)

THE PEOPLE *ex rel.* J. L. Patterson, County Collector, Appellee, *vs.* L. J. LONG, Appellant.

*Opinion filed December 21, 1920—Rehearing denied April 14, 1921.*

1. CONSTITUTIONAL LAW—*fact that part of statute is unconstitutional does not necessarily render remainder void.* The fact that a part of a statute is unconstitutional will not authorize the courts to declare the remainder void unless all the provisions are so connected in subject matter and are so dependent on each other that the legislature would not be presumed to have passed the one without the other.

2. SAME—*when the court will decline to pass on validity of provision of statute.* Courts avoid the determination of questions as to the constitutionality of statutes except when necessary to decide the case under consideration, and will ordinarily decline to decide whether a particular provision of a statute is unconstitutional when of opinion that if such provision is, in fact, invalid, it may be severed from the remaining provisions, the validity of which, alone, is necessarily involved.

3. SCHOOLS—*section 89a of act for organization of community high school districts is not invalid.* The legislature has full authority, under the constitution, to authorize the organization of community high school districts as provided in section 89a of the act of 1919, (Laws of 1919, p. 908,) amending the general School law, and said section is not dependent for its validity upon the provisions of section 90.

4. SAME—*qualifications of voters in elections for community high school districts are governed by general election laws.* The provisions of the general election laws apply to elections held under the act of 1919 for the organization of community high school districts as respects the qualifications of voters and the methods of conducting the elections.

APPEAL from the County Court of Christian county; the Hon. LOGAN GRIFFITH, Judge, presiding.

WALTER M. PROVINE, and HOGAN & REESE, for appellant.

HARRY B. HERSHEY, State's Attorney, and LESLIE J. TAYLOR, (JAMES M. TAYLOR, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The county collector of Christian county applied to the county court for judgment and order of sale against the property of L. J. Long for delinquent taxes levied by Mt. Auburn Community High School District No. 305, which was organized in 1919 under section 89a of the general School law as amended in 1919, which provides for the establishment of community high schools. The objection made to the tax is that section 89a is unconstitutional and void. The county court overruled the objection and entered judgment, from which this appeal was prayed and perfected.

The section challenged provides: "Upon the receipt of a petition signed by fifty or more legal voters residing in any contiguous and compact territory, whether in the same or different townships, described in the petition, the county superintendent of schools of the county in which the territory or the greater part thereof is situated, shall order an election to be held for the purpose of voting for or against the proposition to establish a community high school, by posting notices for at least ten days in ten of the most public places throughout the said territory. * * * The county superintendent of schools shall establish one or more polling places within the territory described in the petition and appoint two judges and a clerk for each polling place. * * * If a majority of the votes cast at the election

shall be in favor of establishing a community high school, the county superintendent of schools shall forthwith order an election to be held within thirty days, for the purpose of selecting a community high school board of education to consist of five members, by posting notices for at least ten days in ten of the most public places throughout the district. * * * The county superintendent of schools shall establish one or more polling places within the district and appoint two judges and a clerk for each polling place. The returns shall be made to the county superintendent of schools within five days. Within ten days after their election, the members of the community high school board of education shall meet and organize. * * * At the expiration of the term of office of any member or members, a successor or successors shall be elected, each of whom shall serve for three years. All subsequent elections shall be held on the second Saturday in April, annually. The manner of holding elections shall be governed by section 86 of this act. In case of a vacancy the remaining members shall appoint a successor for the unexpired term. It shall be the duty of the community high school board of education to establish at some central point most convenient to a majority of the pupils of the district a community high school with a program of studies extending through four school years." (Laws of 1919, pp. 908-910.)

This section was passed to take the place of section 89, declared unconstitutional in *Kenyon* v. *Moore,* 287 Ill. 233. In 1909 there was a general revision of the school laws by the legislature. (Laws of 1909, pp. 342-420.) In 1917 an act was passed amending, among others, sections 88, 89 and 90 of the general School law. What was formerly section 90 of the School law became a part of section 88 and an entirely new section was adopted as section 90. (Laws of 1917, pp. 737-740.) Section 90, as amended in 1917, provides for an *ex-officio* board composed of the county superintendent of schools, the county judge and the county

clerk, and gives them authority to change the boundaries of any township or community high school district and provides for a review of their decision by appeal to the superintendent of public instruction.

Appellant contends that section 90 is clearly unconstitutional and void, and that section 89a is so related to section 90 that the legislature would not have passed section 89a without section 90. Appellee admits that section 90 is unconstitutional and void but contends that section 90 is a general act, applying to any high school district, and that section 89a is a complete act in itself and stands without regard to the validity of section 90.

It is a well recognized principle of statutory construction that an act of the legislature may be opposed in some of its provisions to the constitution, while others, standing by themselves, would be unobjectionable. The fact that a part of a statute may be unconstitutional will not authorize the courts to declare the remainder void unless all the provisions are so connected in subject matter and are so dependent on each other that the legislature would not be presumed to have passed the one without the other. (*Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 Ill. 361; *Noel* v. *People,* 187 id. 587; Sedgwick on Stat. Const.— 2d ed.—413.) It is also well established that courts avoid the determination of questions as to the constitutionality of statutes except when necessary to decide the case under consideration, and so, as a rule, they will decline to decide whether a particular provision of a statute is unconstitutional when they are of the opinion that if such provision is, in fact, invalid, it may be severed from the remaining provisions of a statute the validity of which, alone, is necessarily before the court. (6 R. C. L. 122.) The legislature had full authority, under the constitution, to authorize the organization of community high school districts in accordance with the provisions of section 89a.

(*People* v. *Chicago and Illinois Midland Railway Co.* 256 Ill. 488; *People* v. *Madison,* 280 id. 96; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 288 id. 70.) We see no reason to hold that the legislature would not have passed section 89*a* without the provisions of section 90. Section 90 applies alike to all high school districts organized under any of the several acts authorizing the organization of high school districts, and we see nothing in its provisions to indicate that it was passed as a companion act to section 89*a*.

Appellant further contends that section 89*a* contravenes section 22 of article 4 of the constitution, which prohibits the General Assembly from passing any special law "for the opening and conducting of any election or designating the place of voting." His counsel argue that "voters may be so located in different counties forming the district so as to readily move from one county to the other, or from one district to another, and have the right to vote on questions within the district without the qualifications required by law, and may be qualified within a day or two to vote for members of the board of education in two or more districts. It clearly creates a special method of conducting an election and designating the place of voting and qualifications of voters." We think this objection is without merit. The provisions of the general election laws respecting qualifications of voters apply to elections held under this act, and the general laws, and not this special act, define the qualifications of voters and the methods of conducting an election.

The judgment of the county court of Christian county is affirmed.                                    *Judgment affirmed.*