(No. 26100.—)
The People *ex rel.* Adam Aitken, Appellant, *vs.* R. M. Robertson, County Superintendent of Schools, Appellee.

*Opinion filed June 13, 1941.*

Ramsay, Bull & Yost, for appellant.

L. L. Winn, State's Attorney, for appellee.

Mr. Justice Farthing delivered the opinion of the court:

The People of the State of Illinois on the relation of Adam Aitken filed a *mandamus* petition in the circuit court of Whiteside county praying that R. M. Robertson, county superintendent of schools of that county, be ordered to proceed according to section 91a of the School law (Ill. Rev. Stat. 1939, chap. 122, par. 99a) and detach certain described property from Fulton Community High School District No. 306 and to add it to York Community High School District No. 201. A similar petition was filed on the relation of Asher Snyder, about the same time, which prayed that Robertson be ordered to detach certain de-

scribed property from Fulton Community High School District No. 306 and to add it to Erie Community High School District No. 303. Each petition contained allegations that the relator had presented a detachment petition, signed by the requisite number of voters, to the defendant, but that he had refused to take the steps required by the statute to accomplish the detachment. The causes were consolidated in the circuit court. The defendant filed a motion to dismiss the *mandamus* petitions on the grounds that the detachment petitions, which had been presented to him, were substantially insufficient in that they failed to allege that the original district and the districts to which the detached property was to be added, each contained a city or village of two thousand inhabitants or more, as required by section 91a of the School law, and because that section of the School law, upon which his supposed duty to act was based, was unconstitutional. The circuit court dismissed the petitions on the ground that section 91a was unconstitutional and this appeal followed.

The material provisions of section 91a of the School law (Ill. Rev. Stat. 1939, chap. 122, par. 99a) are:

"The county superintendent of schools shall change the boundaries of any township or community high school districts so as—

"First: To detach territory from one high school district and add the same to another high school district when petitioned by two-thirds of the legal voters residing within the territory described in the petition asking that said territory be detached from one high school district and added to an adjacent high school district, or when petitioned by a majority of the legal voters of each high school district; *provided,* that no territory shall be so detached from any district and added to another district except upon petition signed by at least one hundred (100) legal voters. *Provided,* that no territory shall be detached from a high school district and added to another high school district, unless the territory remaining in the original district, and the adjacent

district to which said detached territory shall be added, shall each contain a city or village of two thousand (2,000) inhabitants or more.

"Second: To create a community high school district from territory belonging to one or more township or community high school districts when petitioned by two-thirds of the legal voters residing within the territory described in the petition asking that such territory be created into a new community high school district; *provided*, that should the district so created cease at any time thereafter to be a high school district the territory of such district shall thereupon without further action become a part of the district or districts of which it formed a part or parts at the time of such creation.

"Third: To annex territory not within a high school district to a high school district upon petition of two-thirds of the legal voters residing within such territory.

"Fourth: To create a community high school district from the territory belonging to one or more high school districts, together with territory from a non-high school district when petitioned by two-thirds of the legal voters residing in each of the several portions detached from the high school districts and in the non-high school district; *provided*, that should the district so created cease at any time thereafter to be a high school district the territory of such district shall thereupon without further action become a part of the district or districts of which it formed a part or parts at the time of such creation.

"*Provided*, that no new community high school district be created wholly or in part from territory belonging to one or more high school districts unless the new high school district and each of the remaining high school districts affected contains an incorporated city or village of at least 3000 population."

A similar constitutional question was decided in *People* v. *Read*, 344 Ill. 397. In that case *quo warranto* proceedings were brought against the members of the board of

education of Community High School District No. 127, Lake county, Illinois, attacking their right to act on the ground that the above statute under which their district was organized was unconstitutional. The new high school district there involved had been formed only from territory formerly embraced within High School District No. 113, and, therefore, it is obvious the second clause of the above section was the one under consideration, and not the fourth clause, as erroneously stated in *People* v. *Kennedy,* 367 Ill. 236, at page 239. In the *Read case* it is expressly stated at page 400: "In the case before the court a new community high school district was formed with territory detached from an existing district under the provisions of the second clause, which is subject to the proviso in the statute that both the new district and the remainder of the existing district shall each contain an incorporated city of at least 3000 inhabitants." After holding that the population proviso following the fourth clause applied to the second clause, this court considered whether the latter clause was constitutional. The holding was that the proviso was arbitrary and had "no logical connection or reasonable relation with the objects or purposes of the legislation. Its effect is to exclude the inhabitants of a great portion of the State from many of its benefits. Many community or township high school districts in the State do not contain an incorporated city or village of 3000 inhabitants within their boundaries but nevertheless should be given, if desired, the privilege of altering their high school district lines to conform to changes in population or for other reasons deemed by them important." Consequently, the provisions of section 91a were held to be violative of the constitutional provision (section 22 of article 4) prohibiting special legislation, and the judgment of ouster by the circuit court was affirmed.

The instant case involves, in particular, the validity of the first clause of section 91a. That clause concludes with a proviso that there must be a city of at least 2000 popula-

tion in the remaining part of the old district and another city with the same minimum population in the district to which the territory is to be added. Under the authority of the *Read case, supra,* we hold that the first clause is unconstitutional. Appellant concedes that the proviso to the first clause is unconstitutional for the reasons stated in the *Read case,* but argues that there is no reason for holding the earlier part of the clause unconstitutional since it does not violate any of the provisions of the constitution. In support of this contention he invokes the rule that the court will allow the constitutional portion of a partially unconstitutional statute to stand unless all the provisions of the statute are so dependent on each other that the legislature would not be presumed to have passed the one without the other. (*People* v. *Long,* 297 Ill. 194.) The rule stated is of no assistance to the appellant. The sole purpose of the statute involved here was to authorize changes in boundaries of school districts under certain conditions. One of the conditions was that the territory could be detached from one district and added to another only if both districts contained a village or city with at least 2000 inhabitants. This proviso is dependent upon the clause and the clause is dependent upon it. We cannot assume that the legislature would have passed the clause without the attached proviso, and consequently we must hold that the unconstitutional proviso renders the whole clause unconstitutional. (*People* v. *Kaul,* 302 Ill. 317; *People* v. *Read, supra.*) The rule governing this case is well stated in *Jackson* v. *Blair,* 298 Ill. 605, where it is said: "While it has been held that a law may be void as to certain parts and valid as to others, in such cases it must be clear that it was the purpose of the law to accomplish two or more objects, the one which is void and the one which is valid being complete each in itself and with no difficulty in separating the bad from the good parts. But if the purpose of the law is to accomplish a single object, only; if its provisions are mutually so

connected and dependent upon each other, as conditions, consideration or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and that if all cannot be carried into effect the legislature would not have passed the residue independently, then, if some parts are unconstitutional, all the provisions are so dependent that they must all fall and be held unconstitutional also."

Appellants place reliance on *People* v. *Kennedy, supra.* However, *People* v. *Read, supra,* involved the second clause instead of the fourth clause of section 91a and held that the entire section was void. The reason for that holding is that this section, composed of four clauses followed by a separate paragraph containing the proviso considered in the *Read case,* was an indivisible piece of legislation. By section 91a, the General Assembly undertook to and did cover all phases of subtracting from and adding to the territory of township and community high school districts. When we held the second clause bad in the *Read case* and now hold the first clause invalid, it so frustrates the intention of the legislature and maims its complete enactment on the subject that the entire section is invalid. The clauses are only separate in the sense that they deal with different phases of the single subject. There is no doubt that the General Assembly would not have passed any one clause in section 91a without the others. What was said in *People* v. *Kennedy, supra,* that is inconsistent with the views here expressed, is not adhered to.

The judgment of the circuit court was right, and it is affirmed.

*Judgment affirmed.*