**Village of Park Forest, a Municipal Corporation, Plaintiff-Appellant, v. Jay D. Bragg, Defendant-Appellee.**

**Gen. No. M–50,756.**

First District, First Division.

August 1, 1966.

Richard W. Hall, Village Prosecutor, and Henry X. Dietch, Village Attorney, of Park Forest (Richard W. Hall, of counsel), for appellant.

No appearance made for appellee.

Sidney R. Drebin and Marvin E. Aspen, amici curiae.

MR. JUSTICE BURMAN delivered the opinion of the court.

In a proceeding before a magistrate in the Village of Park Forest, the defendant was convicted of driving while under the influence of intoxicating liquor, and of careless driving, in violation of two ordinances of that

municipality. On the conviction for driving while under the influence of intoxicating liquor, defendant was fined $100, the minimum fine permissible under the ordinance, and he was fined $10 on the conviction for careless driving, with an additional $5 costs for each violation. The court suspended all fines and costs, however, with no provision as to the duration of the suspension. The Village brings this appeal, charging that after finding the defendant guilty and assessing the penalties the court was without power to suspend the fines.

The defendant has not appeared in this appeal, although the record shows his trial counsel was served with the notice of appeal. We appointed Sidney R. Drebin and Marvin E. Aspen as amici curiae, and they have submitted a brief and have argued orally for the proposition that the trial judge has, or should have, the power to suspend penalties in ordinance violation cases.

The parties have not called to our attention, nor have we found, any Illinois case passing upon the validity of a trial court's suspension of penalties for an indefinite period in an ordinance violation case. Nor are there statutory provisions authorizing or prohibiting this practice. This is therefore a case of first impression.

■■ The legal problem posed by this appeal is a product of the difficulty the Illinois courts have experienced in classifying ordinance violation prosecutions either as wholly criminal proceedings, as wholly civil proceedings, or as "quasi-criminal" proceedings. If an ordinance violation prosecution can properly be classified as a criminal proceeding, and subject to all the rules which apply thereto, several conclusions are at once apparent. First of all, the municipality would not have the right to appeal an adverse decision, under Supreme Court Rule 27(4), (Ill Rev Stats, c 110, § 101.27(4) (1965)); in fact, we would be without jurisdiction to hear this appeal. Secondly, it is established that in a

criminal case, after a finding of guilty, the trial judge cannot suspend the sentence for an indefinite period except under probation proceedings as provided by statute. People ex rel. Smith v. Allen, 155 Ill 61, 39 NE 568; People ex rel. Boenert v. Barrett, 202 Ill 287, 67 NE 23. The United States Supreme Court announced a similar rule for the federal courts in Ex Parte United States, Petitioner, 242 US 27. Nor can the trial judge impose a penalty which differs from the mandatory penalty established by the Legislature, People ex rel. Ward v. Salter, 28 Ill2d 612, 192 NE2d 882. Finally, if ordinance violation prosecutions are criminal proceedings, the trial judge can make use of probationary remedies, and therefore the power to suspend penalties indefinitely would be somewhat redundant.

But with the exception of a recent case, it seems well-established, in Illinois, that an ordinance violation prosecution is not a criminal proceeding and is not subject to the rules applicable thereto. In Village of Maywood v. Houston, 10 Ill2d 117, 139 NE2d 233, our Supreme Court ruled that the Village could appeal from an acquittal in a prosecution for violation of an ordinance regulating the operation of trailer camps. The court stated:

> The case raises anew the question of whether a proceeding of this kind is to be considered a civil or a criminal case. The following is a succinct summary of the applicable Illinois cases: "An action to recover penalties for violation of city ordinances or regulations is civil in form, although quasi-criminal in character. The action ordinarily is termed a civil action, and not a criminal prosecution, although it has been stated that it may more properly be designated as quasi-criminal." 10 ILP, Cities, Villages, etc., § 1193. (10 Ill2d at 119).

In City of Decatur v. Chasteen, 19 Ill2d 204, 166 NE2d 29, the court held that, "An action to recover a penalty

90

for the violation of a municipal ordinance, though quasi-criminal in character, is civil in form and is ordinarily termed a civil action and not a criminal prosecution." (19 Ill2d at 216). And in City of Chicago v. Lewis, 28 Ill App2d 189, 171 NE2d 70, this court held, "Under the law of Illinois, a suit to recover a penalty for violation of a city ordinance is governed by the rules of pleading and the laws relating to civil practice, and not by the rules and laws applicable to criminal proceedings." (28 Ill App2d at 191).

██ A recent case from the Appellate Court for the Fourth District, however, appears to conflict with this line of authority. In City of Gibson City v. McClellan, 61 Ill App2d 218, 209 NE2d 363, the defendant in an ordinance violation case had been discharged by the trial court because he was not brought to trial within 120 days, as required by the Fourth Term Act (Ill Rev Stats, c 38, § 103–5(b) (1963)), and the City appealed. The court held that under the provisions of Supreme Court Rule 27(4) it was without jurisdiction to hear the appeal, thereby holding implicitly that the ordinance violation prosecution was a criminal case. Both the Village Prosecutor and the amici in the case at bar have urged that the Gibson City decision is erroneous. We are of the opinion that that case can be distinguished on the grounds that the parties thereto entered into a stipulation as to a point of law, and that stipulation was apparently accepted by the Appellate Court. The parties stipulated that the Fourth Term Act, which is contained within the Code of Criminal Procedure, applied to the violation of a penal ordinance of a city. In the case at bar, there is no such stipulation. The amici curiae have argued, and we agree, that to term ordinance violation cases "criminal" proceedings and thus to subject them to the provisions of the Code of Criminal Procedure would cause an administrative and procedural holocaust, which could not have been intended by the Legislature. If the Code of Criminal Procedure were

91

applicable to ordinance violation cases, then the defendant in a parking meter violation case would be entitled to the entire range of procedural remedies, including an arraignment, a pretrial competency hearing, an attorney if the defendant is indigent, a bill of particulars, a list of witnesses, etc. Penal laws are not to be construed so strictly as to defeat the obvious intention of the legislature. People v. Kirkrand, 397 Ill 588, 74 NE 2d 813, cert den 332 US 839.

■ ■ We fall back, then, upon the rule that ordinance violation prosecutions are quasi-criminal in character, but are subject to the rules of civil procedure. In the ordinary civil case, the party favored by a money judgment has a private right to collect that amount from the other party, and there is no occasion for the trial judge to prevent him from collecting. But we are of the opinion that ordinance violation cases present certain special features which require that a different rule be applied. Primary among these is the fact that municipalities are empowered to provide for the incarceration for periods of up to six months of persons failing to pay monetary penalties assessed in ordinance violation cases. Ill Rev Stats, c 24, § 1–2–1 (1963). Some ordinances, including one of these involved in this case, provide jail sentences and fines as alternative or as conjunctive penalties. We feel that since in ordinance violation cases the incarceration of the defendant is a distinct possibility, but since the trial judge does not have the right to grant probation, as he does in criminal cases, there are strong reasons for vesting in him discretion to suspend the penalties in a proper case. Another reason favoring the grant of such discretion is the fact that, as the Village Prosecutor admitted, the prosecuting authorities can and do request the trial judge to suspend the fine in some cases. The Village Prosecutor argues, however, that such requests by the prosecuting authorities should

be a prerequisite for the suspension of fines by the court. We do not agree. While this position might well be correct in an ordinary civil case, where the plaintiff seeks to enforce a private right, it deprives the trial judge of a valuable tool in the administration of justice in cases which are in part criminal proceedings. In Flynn v. City of Springfield, 120 Ill App 266, the court characterized ordinance violation cases as follows: "It is not a mere civil suit. While it is civil in form, it is such only in form. It partakes largely of the criminal nature. The ordinances were not passed with the view of creating the relation of debtor and creditor." (120 Ill App at 269). We feel that in a proceeding of this nature, the trial judge should have as much discretion to suspend the penalty where the circumstances warrant it as do the prosecuting authorities. Such a suspension is not an act of grace, but is the exercise of the responsibility of the administration of justice by the trial judge, in whom that responsibility is primarily vested.

■ ■ In the case at bar, the court suspended the fines with no statement of his reasons for so doing. While we feel that the better practice is for the court to state those reasons for the record, we must presume on review that the trial judge, who saw and heard the defendant, had sufficient credible reason to warrant such suspension.

For these reasons, the order of the magistrate finding the defendant guilty of two ordinance violations and assessing fines, but suspending those fines, is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.