Town of Normal, Plaintiff-Appellee, v. Porter Witham, Defendant-Appellant.

Gen. No. 10,874.

Fourth District.

January 22, 1968.

Paul R. Welch, of Bloomington, for appellant.

Fleming, Messman and Lapan, of Bloomington (Roger D. Lapan, of counsel), for appellee.

TRAPP, J.

Defendant appeals from a conviction for violation of an ordinance of the Town of Normal as charged under a Uniform Traffic Ticket and Complaint. Following a bench trial, a fine of $15, plus costs of $5, was imposed. No issues are raised by the pleadings.

Issues raised upon the appeal include (1) whether the plaintiff proved the ordinance for the magistrate sufficiently to enable the court to enter judgment, (2) was sufficient evidence adduced to establish guilt by a clear preponderance of the evidence, and (3) it is contended that the ordinance was unconstitutional.

Plaintiff's evidence included the testimony of one Carol Haney who recounted that between 11:00 p. m. and midnight on July 15, 1966, she heard a noise which she believed to be a tractor coming down the street and went to the window. She observed a car come to a stop and a man get out and run down the sidewalk. She observed that the car had a flat tire. She procured the calling of the police, who arrived in about 5 minutes. A City police officer testified to going to the car in response to the call and found it with a broken windshield on the left side and three flat tires. There was some damage to the front end of the car. Some blocks distant, at the intersection of Main and Bowls Streets in the Town of Normal, tire marks travelling some 116 feet upon a median were discovered. In traversing the median, the automobile had knocked down two municipal traffic signs. The ownership of the automobile was ultimately traced to the defendant. Other police testimony reflects that on the 19th of July, 1966, the defendant came to the police station and claimed

ownership of the automobile described and apparently participated in the preparation of an accident report in which defendant stated that he was driving the car. The conversation included the statement of driving down the median and striking the signs. It appears that defendant, thereupon, stated that the event occurred because of the blowout of his left front tire which caused him to go up on the median. No evidence was submitted to the magistrate by the defendant.

This appeal has been beset with problems arising from the failure of counsel to make a helpful record concerning the ordinance in question. Plaintiff's counsel did not put the ordinance into the record as a part of the case in chief. Upon defendant's motion to dismiss there was some argument before the magistrate upon the operation of the doctrine of judicial notice, and plaintiff's counsel ultimately handed "the bound volume" to the magistrate. Defendant made no objection to the manner or form of presenting the ordinance in evidence. The magistrate accepted the bound volume. Defendant's counsel asked the court to reserve ruling so that he could present evidence concerning the ordinance, but at a subsequent hearing the case was concluded without evidence being presented.

■ The Illinois Municipal Code, chapter 24, § 1–2–6 (Ill Rev Stats 1965) provides that municipal ordinances printed in a book or pamphlet and purporting to be published by authority of the corporate authorities, shall be prima facie evidence of the contents and the passage of ordinances. Such evidence, however, may be controverted. Fish v. Walsh, 323 Ill 359, 154 NE 148.

■ Where evidence is introduced without objection in the trial court, objections cannot thereafter be argued on appeal. People v. Trefonas, 9 Ill2d 92, 136 NE2d 817. Upon the state of the record, it must be presumed that the magistrate receives such evidence as will authorize judi-

cial notice of the municipal ordinance at issue under the provisions of chapter 51, § 48a (Ill Rev Stats 1965).

■ ■ The problem persists upon this appeal for defendant's counsel has failed to make the ordinance available to this court, except as fragments are quoted in his brief. It is true that chapter 51, § 48b (Ill Rev Stats 1965) provides that courts of appellate jurisdiction shall take judicial notice of such matters as courts of original jurisdiction are required to take. The doctrine of judicial notice is a part of the law of evidence which removes the necessity of detailed proof of authenticity as the official act of the corporate entity. The magic of the doctrine does not, however, produce the ordinance in this court. It should be presented in some proper way. Woods v. Village of LaGrange Park, 287 Ill App 201, 4 NE2d 764; City of Greenville v. Willman, 44 Ill App2d 156, 194 NE2d 552. In Cassidy v. Triebel, 337 Ill App 117, 85 NE2d 461, it was held sufficient to present the ordinance by means of a certified copy attached to the abstract of record. In Rosborough v. City of Moline, 30 Ill App2d 167, 174 NE2d 16, a certified copy of the ordinance was placed in evidence by stipulation.

In his original brief and argument defendant contended that plaintiff had failed to prove guilt by a clear preponderance of evidence. It has been the long established rule that proceedings for violation of an ordinance were civil in form and tried as a civil action to recover a debt. Village of Maywood v. Houston, 10 Ill2d 117, 139 NE2d 233; City of Highland Park v. Curtis, 83 Ill App2d 218, 226 NE2d 870. In response to questions raised during oral argument, defendant urges in his supplemental brief that the violation of an ordinance must be proven beyond a reasonable doubt. In Village of Park Forest v. Bragg, 74 Ill App2d 87, 220 NE2d 61, the court retained the concept that proceedings for violation of municipal ordi-

nances were civil in form, but pointed out that some ordinances might provide directly for jail sentences. The Supreme Court reviewed the latter case, 38 Ill2d 225, 230 NE2d 868, but characterized the language of the Appellate Court as dictum.

■ ■ The issue, as now argued, is not preserved for examination here by reason of the fact that in this court the provisions of the ordinance are not presented sufficiently to show what penalty may be imposed. We know only of a fine of $15. The issues argued upon the validity of the ordinance would not be examined at all but for plaintiff's concession that the fragments are correct. The provisions of Supreme Court Rule 341(e)(4) are designed to assist the reviewing court in ascertaining the precise language which is the subject of argument, but the Rule does not relieve counsel of the duty to present the ordinance to be considered in an acceptable form.

■ Upon the evidence in this case, the judgment can be sustained under either standard. Defendant's argument concerning the effect of the blowout of his left front tire omits consideration of other facts before the magistrate which include the driving along and upon the median, and for several blocks, with three flat tires, and his unexplained abandonment of his damaged automobile for a period of several days.

Defendant urges that the ordinance is null and void as being in excess of the statutory power granted to municipal corporations to regulate traffic under an Act in relation to the regulation of traffic, chapter 95½, § 122 (Ill Rev Stats 1965). It is said that the ordinance purports to regulate bicycles of such Act, and excepts those vehicles propelled by human power. The Act, however, in § 121, expressly includes bicycles as subject to this provision.

The defendant quotes as part of the ordinance, the following:

## "SECTION I. SPEED

"Every driver operating a vehicle on a street shall drive the same in a careful and prudent manner and at all times have the vehicle under control, and at a rate of speed that will not endanger the property of another, or the life or limb of any person."

██ It is urged that the provision that one should drive "in a careful and prudent manner" makes the Act uncertain and indefinite, and hence, of dubious constitutional validity, and that such language is not contained in the Act, chapter 95½, § 146 (Ill Rev Stats 1965). It is noted that the balance of the ordinance, if one omits the questioned phrase, is substantially in the language of the referenced section. It is not necessary to indulge in lengthy interpretation of the questioned phrase, as the remainder of the ordinance sets forth provisions which are complete and capable of being executed so that it is unnecessary to hold the entire ordinance unconstitutional. The People v. Long, 297 Ill 194, 130 NE 515.

The judgment of the trial court is affirmed.

Affirmed.

SMITH, P. J. and CRAVEN, J., concur.