BERNARD WIERENGA, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND
POLICE COMMISSIONERS OF THE TOWN OF CICERO,
Defendant-Appellee.

First District (2nd Division)    No. 61887

Opinion filed June 8, 1976.—Rehearing denied July 13, 1976.

Jacob Pomeranz, of Kleinman, Cornfield & Feldman, of Chicago, for appellant.

Walter C. Wellman, of Lyons, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the
court:

Plaintiff appeals from an order of the circuit court, sitting in
administrative review of a final administrative decision of the Board of
Fire and Police Commissioners of the Town of Cicero (hereinafter
referred to as the "Board"), sustaining the findings of fact and decision of

the Board whereby plaintiff was discharged from his position as a fireman with the Cicero Fire Department.

On May 20, 1972, charges were filed with the Board wherein it was alleged that plaintiff had violated section 26 of rule 1 of the fire department's rules and regulations "in that he failed to promptly notify his superior officers of his change of place of residence and failed to live within the Corporate limits of the Town of Cicero, Illinois." In addition to this allegation, plaintiff was charged with violating a rule adopted by the Board requiring Cicero firemen to be bona fide residents of Cicero, and also with wilfully disobeying a directive of the Board ordering plaintiff to establish residency in Cicero within 30 days after receiving the directive.

The Board entered findings of fact and determined that plaintiff was guilty of the violations as charged. The Board further determined that pursuant to the residency requirements for firemen enunciated in the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 3—14—1), plaintiff was required to be a qualified elector of the municipality which he served as a fireman, and that Cicero was not authorized to enact an ordinance permitting its firemen to reside outside of the municipality. Since it was uncontroverted that plaintiff had not been a resident of Cicero for some 3½ years prior to the hearing on the charges filed against him, the Board ordered that plaintiff be discharged from his position as a fireman with the Cicero Fire Department.

From the circuit court's affirmance of the Board's decision, plaintiff raises the following issues: (1) whether plaintiff was discharged for cause as required by law (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—17), (2) whether plaintiff violated any legally valid and enforceable rules and regulations when he established a residence outside of the Town of Cicero, (3) whether the Board had the authority to issue a directive ordering plaintiff to reestablish his residence in Cicero and to discharge plaintiff upon his failure to comply with the directive, and (4) whether plaintiff received a fair and impartial hearing before the Board.

Plaintiff's principal argument is, in essence, that he was not charged with violating any legally enforceable rules and regulations with respect to residency requirements for Cicero firemen, and therefore, he was not discharged for cause as required by statute.

The removal or discharge of Cicero firemen is governed by section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—17) which provides in pertinent part as follows:

> "Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense.

The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges * * * ."

The Board is authorized to promulgate rules pertaining to, *inter alia,* the removal of firemen, but the permissible scope of these rules is limited to procedural matters:

"These rules of the board shall apply only to the conduct of examinations for original appointments, for promotions, and to the conduct of hearings on charges brought against a member of the police or fire department. No such rule shall be made by the board to govern the operation of the police or fire department or the conduct of its members unless the governing body of the municipality specifically authorizes the board of fire and police commissioners to make such rules; however, the governing body may also rescind such authorization." Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—5.

■■ One ground upon which plaintiff's discharge was predicated was his violation of a rule adopted by the Board requiring Cicero firemen to reside in Cicero. However, as set forth in the statutory provisions quoted above, the Board was not empowered to promulgate rules concerning residency requirements for actual members of the fire department, with the exception that such rules could be adopted by the Board if they pertain to the minimum qualifications demanded of *applicants* for positions with the fire department. Furthermore, no evidence is contained in the record revealing that the governing body of Cicero had authorized the Board to promulgate rules such as residency requirements which would effect the operation of the fire department. (See *Town of Normal v. Witham,* 91 Ill. App. 2d 262, 233 N.E.2d 576.) Consequently, plaintiff's purported violation of this rule could not provide a valid ground justifying his discharge.

Plaintiff was also charged with, and found guilty of, violating a rule of the fire department requiring members to notify their superiors when they change their address. These rules were purportedly adopted by the fire department in 1928. At the hearing on these charges, neither a copy of the rules, nor evidence of a town ordinance authorizing the enactment of these rules, was introduced. The only ordinance referred to at the hearing apparently requires the fire marshall to issue the rules of the fire department. Two fire marshalls under whose leadership plaintiff had severed were called as witnesses. Neither witness had himself issued rules pertaining to residency, but both were familiar with the 1928 rules. An examination of the testimony of both witnesses reveals that it was unlikely that copies of the rules were either distributed to the members of the fire department, or even posted within the station. One of these witnesses

testified that he was "fortunate" to have a copy of the 1928 rules during the period in which he served as fire marshall.

In accordance with his testimony, plaintiff argues that not only was he unaware of, and unable to ascertain the existence of, the 1928 rules prior to the time when these charges were filed, but, even assuming the existence and legality of the 1928 rules, he had complied with these rules by notifying the person in charge of his platoon when he moved out of Cicero. Plaintiff further testified that, prior to moving from Cicero, he examined the Cicero ordinances. He then moved only after feeling assured that neither the department rules, nor the Cicero ordinances, prohibited such a move.

The testimony of two other witnesses, one of whom had been associated with the Cicero Fire Department for 30 years before retiring as fire chief in 1966, supports plaintiff's position that the 1928 rules were not within the general knowledge of, nor readily available to, members of the department. In fact, one of these witnesses himself unsuccessfully attempted to get a copy of the rules. And the fact that a former fire marshall of the department considered himself "fortunate" to have a copy of the rules contributes additional weight to plaintiff's argument.

■█ We are mindful that the findings of fact and the decision of the Board should not be disturbed unless they are contrary to the manifest weight of the evidence. (*Zinser v. Board of Fire & Police Commissioners*, 28 Ill. App. 2d 435, 172 N.E.2d 33.) However, we consider the Board's finding in this case that plaintiff violated section 26 of rule 1 to be contrary to the manifest weight of the evidence. Not only are the existence and legality of the 1928 rules questionable, or at least not clearly established by the record, but we cannot say that plaintiff was in noncompliance with these rules, if indeed they do apply. The mere fact that the fire marshall may not have been notified by plaintiff when plaintiff moved from Cicero does not refute plaintiff's testimony that he notified the person in charge of his platoon and the secretary of the fire department at the time he moved. Thus, plaintiff notified his "superior" and he was not advised by him that his move would constitute a violation of the department's rules. Consequently, we hold that plaintiff's discharge cannot be sustained on this ground.

■█ Likewise, plaintiff's discharge cannot be premised upon his violation of the directive issued by the Board. We find no statutory authority enabling the Board to order a fireman to establish his residency in Cicero, and then to subsequently discharge the fireman upon his failure to comply with the Board's order.

The last finding made by the Board which resulted in plaintiff's discharge was that plaintiff violated section 3—14—1 of the Illinois

Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 3—14—1), by residing outside of Cicero while serving as a fireman for that municipality. Plaintiff admitted that, since December of 1970, his actual residence has been outside of Cicero. This admission may or may not establish a violation of the first sentence of the first paragraph of section 3—14—1, the specific provision relied on by defendant; if it does, such violation would constitute cause for his discharge from the Cicero Fire Department. However, whether or not it does is an issue which we need not reach in the instant case for the reason that this statutory violation was neither alleged in the formal charges filed against plaintiff, nor even mentioned at the hearing prior to the closing remarks by counsel representing the Town of Cicero.[1] This procedure is violative of the statutory mandate providing that firemen such as plaintiff can be discharged only "for cause, upon written charges, and after an opportunity to be heard in his own defense." (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—17.) It is true that charges filed before an administrative agency need not be drawn with the same refinements and subtleties as pleadings in a court of record, but it is essential that the respondent before the agency be reasonably apprised by complaint of the charges brought against him so as to enable him to intelligently prepare his defense. (*Schyman v. Department of Registration & Education*, 9 Ill. App. 2d 504, 133 N.E.2d 551; see Ill. Rev. Stat. 1971, ch. 110A, par. 133(a).) In determining whether plaintiff's discharge should be sustained, we will ignore those portions of the Board's findings which state that plaintiff violated section 3—14—1 of the Municipal Code. *Sudduth v. Board of Fire & Police Commissioners*, 48 Ill. App. 2d 194, 198 N.E.2d 705.

As previously stated, plaintiff could only be discharged for cause. For a showing of cause to exist, it must be established that a substantial shortcoming renders the continuance of the officer in his office detrimental to the discipline or efficiency of the service (*Rogenski v. Board of Fire & Police Commissioners*, 6 Ill. App. 3d 604, 285 N.E.2d 230), and which the law and sound public opinion recognize as good cause for his no longer holding the position. *Davenport v. Board of Fire & Police Commissioners*, 2 Ill. App. 3d 864, 278 N.E.2d 212.

In the instant case, no evidence was adduced which indicates that plaintiff was unable to effectively assume his responsibilities as a fireman for the Town of Cicero because of his change of address. Moreover, for the reasons stated above, the findings of the Board on the charges filed against plaintiff are insufficient to allow plaintiff's discharge to stand.

[1] The Board's reliance, both at the hearing and in this appeal, upon this purported statutory violation without plaintiff having been so charged is consistent with the manner in which the hearing on these charges was conducted. A perusal of the record is not required to lead one to conclude that the procedural guidelines by which this hearing was conducted were unnecessarily lax.

Accordingly, the judgment of the circuit court sustaining the decision of the Board must be reversed.

Judgment reversed.

HAYES and DOWNING, JJ., concur.