ROBERT BRIJA, Plaintiff-Appellee, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF DOLTON *et al.*, Defendants-Appellants.

First District (6th Division) Nos. 1—89—2959, 1—89—3152 cons.

Opinion filed August 17, 1990.

Gasperec & Szwed, Ltd., of Homewood (Timothy J. Szwed, of counsel), for appellants.

Stinespring, Lambert & Associates, of Flossmoor (Charles W. Denham, Jr., of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Robert Brija, worked as an engineer for the Village of Dolton when he was disciplined for not responding to a general alarm call on his pager. The fire chief, defendant John W. Conley, suspended plaintiff for 24 hours. The defendant Board of Fire and Police Commissioners of the Village of Dolton (Board), and the individual defendant Board members, modified the fire chief's decision and reduced the suspension to a 12-hour period. On administrative review, the trial court reversed the Board's decision, finding it was based on facts not charged in the fire chief's suspension order. Defendants appeal, contending the Board's decision should be reinstated since it was not against the manifest weight of the evidence.

Plaintiff was employed by the village for 10 years. On January 16, 1989, he was off duty. At 8:30 a.m., he went to the fire station to play basketball. In his duffel bag, plaintiff carried his pager, which was in the "power on" mode, on low volume.

At 10 a.m., the basketball game ended. Shortly thereafter, a call came in reporting a fire in the village. Several minutes later, the call was changed to a "general alarm," and consequently all personnel were "beeped" on their pagers and required to report to their work stations.

At the hearing, it was established that plaintiff was in the station when the first call was made. However, no one could testify that he was still in the station two minutes later when the call was changed to a "general alarm." Plaintiff testified that he was leaving the sta-

tion for home as the other firemen responded to the first alarm. At the time of the general alarm, he was on the way home. Because his pager was on low volume and inside his duffel bag, he did not hear about the general alarm until several hours later.

Because plaintiff failed to respond to the general alarm, Chief Conley suspended him for a 24-hour tour of duty, the equivalent of three days' pay. This disciplinary action was accompanied by a written order by Chief Conley, dated January 26, 1989, which stated:

"That on January 16, 1989, at or about 1014 hours, while you were *in Fire Station No. 1,* you failed to respond to a general alarm request issued by myself for a structure fire in violation of Section 3, Articles 3.08 [personnel must perform their duties], 3.16 [personnel must use reasonable judgment], 3.88 [personnel must carry pager in operating condition so calls can be received at all times] and 7.05 [all personnel must respond to general alarm] Response Procedure of the Fire Department Rules and Regulations ***." (Emphasis added.)

Plaintiff appealed this suspension to the Board, which modified it to a 12-hour shift, or the equivalent of 1½ days' pay. Plaintiff sought administrative review, and the trial court reversed the suspension because the charge specified that plaintiff violated the rules while *in* the fire station, and there was no evidence that he was "in" the fire station when the general alarm was issued.

■ Charges in administrative hearings need not be technically precise. (*Ballin Drugs, Inc. v. Department of Registration & Education* (1988), 166 Ill. App. 3d 520, 519 N.E.2d 1151.) Such charges need not be drawn with the same refinements and subtleties as court pleadings. (*Batley v. Kendall County Sheriff's Department Merit Comm'n* (1981), 99 Ill. App. 3d 622, 425 N.E.2d 1201.) The charges need only be specific enough to enable the party to intelligently prepare a defense. *Altman v. Board of Fire & Police Commissioners* (1982), 110 Ill. App. 3d 282, 442 N.E.2d 305.

■ The fire chief's order accused plaintiff of the violation of certain department rules, including numbers 3.08, 3.16, 3.88 and 7.05, on January 16, 1989, at or about 1014 hours, "while you were in Fire Station No. 1."

Rule 3.08 requires personnel to carry out "all duties required of their rank and/or assignments." The evidence established that plaintiff failed to carry out his duties when he failed to respond to a general alarm.

Rule 3.16 requires all personnel to "use reasonable judgment in the exercise of their responsibilities." The evidence clearly permitted

a finding that it was poor judgment on plaintiff's part to put his pager on low volume in his duffel bag. The trial court noted there was support in the record for this factual finding, when it stated there was "[n]o doubt he didn't use common sense when a fire broke out and, because he was off-duty, he takes his pager and puts it in a duffel bag so he can't hear any subsequent emergency, which a reasonable person thinks *** might occur." The court found the evidence demonstrated that plaintiff's behavior was "outrageous, irresponsible" and that it was "frustrating to see an officer acted with stupidity and disregard for the safety of people."

Rule 3.88 requires fire department members to carry the pager "at all times," and keep it in "proper operating condition at all times, so that calls can be received and the pager activated to acquire needed manpower." The Board could clearly find from the evidence that plaintiff failed to keep the pager in a condition permitting calls to be received, thus preventing the Department from acquiring needed manpower during an emergency.

Rule 7.05 provides that a "general alarm" requires all engineers to report immediately to their duty stations when command requires more manpower on the scene. Plaintiff conceded that he did not report to his duty station when the general alarm was communicated to all engineers.

The proof adduced at the hearing, therefore, established that plaintiff violated the rules listed in the charging order. The trial court found that, without question, the evidence established that "he violated the rules."

Plaintiff asserts, however, that he "cannot be expected to come in and be prepared to defend [himself] to a charge of failing to respond to a request by the Chief while in Fire Station No. 1, and then, at the hearing on the charge, the case is about some other set of factual allegations."

■ The variance in the charging language was not key, or serious, here. The charges sufficiently alerted plaintiff to the specific case against him. He was accused of violating very specific rules by his actions, and was not accused of failing to be physically *in* the fire station at that time. We conclude that defendants' case against plaintiff does not vary significantly from the charges defendants filed against him. See *Northtown Ford v. Human Rights Comm'n* (1988), 171 Ill. App. 3d 479, 525 N.E.2d 1215; *Slager v. Pollution Control Board* (1981), 96 Ill. App. 3d 332, 421 N.E.2d 929. *Cf. Moore v. Department of Driver Services* (1990), 201 Ill. App. 3d 587 (charge inadequate where it concerned the bribe of one person, while the proof concerned

the bribe of a completely different person); *Wierenga v. Board of Fire & Police Commissioners* (1976), 40 Ill. App. 3d 270, 352 N.E.2d 322 (charge inadequate where it listed a violation of one code section, while the evidence concerned the violation of a different code section).

Whether plaintiff was "in" the fire station, or "near" the station, had little or no relevance to the charge. The physical location of plaintiff's body bears no weight on this case. Plaintiff was not charged, for example, with being on duty *in* the station when he refused to get on the fire truck when it left on an emergency call. Neither was he charged with being physically out of range with his beeper.

We hold, therefore, that the trial court erred in reversing the decision of the Board. The charging instrument sufficiently notified plaintiff of the charges against him and permitted him to adequately prepare his defense prior to the hearing on those charges. The decision of the Board is hereby reinstated.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

EGAN and RAKOWSKI, JJ., concur.