## City of Chicago, Plaintiff in Error, v. James Payne, Defendant in Error.

### Gen. No. 15,891.

1. CRIMINAL LAW—*spiritualism defined.* Spiritualism may be defined as a belief in the power of some departed spirits to communicate with the living by means of mediums.

2. ORDINANCES—*prohibiting fraudulent practices in the name of spiritualism construed.* The ordinance in question in this case, *held,* not intended to declare a belief in, or the practice of, spiritualism as unfounded, but to be aimed at fraudulent and deceptive practices in the name of spiritualism.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 13, 1911.

**Statement by the Court.** This writ of error is prosecuted to reverse the judgment of the Municipal Court of Chicago quashing the amended complaint filed against the defendant, James Payne, and discharging the defendant. The complaint as amended charges that the defendant "did unlawfully . hold or give a public meeting, gathering, circle or seance in the name of Spiritualism and therein practice or permit to be practiced fraud or deception, thereby fraudulently obtaining from the said Stephen J. Barry one dollar of his money, lawful currency of the United States, and did then and there obtain money and other property from certain persons whose names are to affiant unknown, by fraudulent devices and practices, in the name of spirit mediumship, in that the said James Payne then and there pretended to the said persons that for the consideration aforesaid he would hold communication with spirits of deceased friends and relatives of the said persons, and did then and there pretend to hold communication with such spirits in violation of section 2 of an ordinance passed by the

city council of the said city of Chicago on the 16th
day of December, 1907, in violation of sections 2 and 3
of an ordinance passed December 16, 1907.''

The sections of the ordinance of the city of Chicago
referred to in the complaint are as follows:

''Section 2. That any person or persons who shall
obtain money or property from another by fraudulent
devices and practices in the name of or by means of
spirit mediumship, palmistry, card reading, astrology,
seership, or like crafty science, or fortune telling of
any kind, shall be deemed guilty of a misdemeanor
and on conviction thereof shall be punished by a fine
of not less than twenty-five ($25) dollars nor more
than one hundred ($100) dollars for each offense.

Section 3. That any person or persons who shall
hold or give any public or private meeting, gathering,
circle or seance of any kind in the name of spiritualism,
or of any other religious body, cult or denomination,
and therein practice or permit to be practiced fraud
or deception of any kind, shall be deemed guilty of a
misdemeanor, and on conviction thereof shall be pun-
ished by a fine of not less than twenty-five ($25) dollars
nor more than one hundred ($100) dollars for each
offense.''

GEORGE H. WHITE, for plaintiff in error; HENRY M.
SELIGMAN, of counsel.

VAIL & VETTE, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion
of the court.

For the purposes of this case spiritualism may be
defined as a belief in the power of some departed
spirits to communicate with the living by means of
mediums. Such belief is maintained by a very large
number of persons in this and other countries.

We do not think that the common council of the city
of Chicago, by section 2 of the ordinance in question
intended to declare such belief unfounded and make
the act of a professed medium, who claimed to hold

intercourse with departed spirits, for reward, a misdemeanor punishable by fine, nor that by section 3 of the ordinance the council intended to make the holding of a meeting in the name of spiritualism, at which a professed medium claimed to hold intercourse with departed spirits, a misdemeanor punishable by fine. Frauds in connection with professed communications from departed spirits have often been detected and exposed—frequently by spiritualists themselves. An account of typical frauds of that class may be found in D. D. Home's *Lights and Shadows of Spiritualism.*

So far as they relate to spiritualism, the object and purpose of section 2 is, in our opinion, to make the obtaining of money or property from another by means of fraudulent devices and practices in the name of spirit mediumship a misdemeanor, and the object and purpose of section 3 is to make the holding of a meeting in the name of spiritualism and therein to practice or permit to be practiced fraud or deception, a misdemeanor.

The only charge in the complaint that the defendant used or employed any fraudulent practice or device, or that he practiced or permitted to be practiced any fraud or deception, is the charge that he pretended that he would hold and that he did hold communication with departed spirits. This is not, in our opinion, sufficient to charge the defendant with a violation of either section of the ordinance, and the complaint was therefore properly quashed and the defendant discharged.

The judgment is affirmed.

*Affirmed.*