### The City of Chicago, Defendant in Error, v. Rosa Westergren, Plaintiff in Error.

#### Gen. No. 18,058.

1. CRIMINAL LAW—*fraudulent mediumship.* A complaint against a medium, for having received unlawfully, money, by fraudulent devices and practices in violation of Sec. 1988, of the Chicago Code of 1911, cannot be maintained where the evidence shows that all the defendant did was to give a reading which the recipient knew was not true and which was not believed or acted upon by him.

2. CRIMINAL LAW—*fortune telling.* The honest claim of and attempt at fortune telling by means of spirit mediumship is not fraudulent within the meaning of Sec. 1988 of the Chicago Code of 1911.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the March term, 1912. Reversed. Opinion filed October 7, 1912.

ALONZO M. GRIFFEN and WILLIAM C. MYER, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. MCINERNEY, for defendant in error; EDWARD J. RABER and GEORGE L. REKER, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error, hereinafter called defendant, was prosecuted on a complaint charging that she unlawfully received and obtained the sum of fifty cents

from Peter Sicokis by fraudulent devices and practices in the name of spirit mediumship, fortune telling, etc., etc., "in violation of Section 1988 of the Chicago Code of 1911." The said section is as follows: "Any person or persons who shall obtain money or property from another by fraudulent devices and practices in the name of or by means of spirit mediumship, palmistry, card reading, astrology, seership, or like crafty science, or fortune telling of any kind, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine," etc. On a trial the defendant was found guilty and fined the sum of fifty dollars, and comes here on writ of error.

Mr. Sicokis was a police officer who called upon defendant for what was called a reading, and made an appointment for the next day. The next day he called and had the reading and paid therefor fifty cents. He told her he had lost a brother and asked her to locate him. The defendant closed her eyes and said, "It seems to me he is sick; I can't find him; he is not dead." Sicokis had not in fact lost a brother. Other things the defendant told Sicokis that he said were not true. The court erroneously limited the cross-examination of Sicokis as to his belief in the statements made to him by the defendant, but it is clear from the record that he did not rely upon or believe the said statements and was in no manner deceived or defrauded thereby. It is apparent that under such circumstances the defendant cannot be held guilty of obtaining money by false pretenses. 1 McLain on Criminal Law, Sec. 684.

There is no evidence whatever of any "fraudulent devices and practices" unless it be held, as contended by the counsel for the City, that the belief in spirit mediumship and the claim of and attempt at fortune telling by means thereof are of themselves fraudulent within the terms of the ordinance. We are not disposed, nor is it here necessary, to attempt any discussion of spirit mediumship. We wish only to ob-

serve that in this age of marvelous advancement in science, when all the energies and abilities of learned and sincere men are devoted to study, experiment and research on these questions, we have not the temerity to mark limitations therein. However unreasonable such ideas and beliefs may appear to many, it is certain, and so indicated in this record, that a large number of people have faith and confidence in spirit mediumship; and we are of the opinion that the belief therein and honest practice thereof without fraudulent means, tricks or devices cannot be held criminal. City of Chicago v. Payne, 160 Ill. App. 641.

The judgment is reversed.

*Reversed.*