City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Carrie Carney, Defendant-Appellant.

Gen. No. 48,477.

First District, Second Division.
February 23, 1962.

Howard T. Savage, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel, of the City of Chicago (Sydney R. Drebin and Allen Hartman, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

Appellant, Carrie Carney, owner and licensee of a tavern called Star Lounge, in Chicago, Illinois, was convicted of unlawful sale of alcoholic liquor to a

minor on December 11, 1960, in violation of Chapter 147–14 of the Municipal Code of Chicago. She waived a jury trial and her case was tried together with cases against the minor, Demarco, charging him with contributing to the delinquency of another minor, and against Mary Davis, an employee of her tavern, for the same sale of liquor to the minor. Appellant was fined $50 and costs of $10 which she paid in open court, and from which conviction and fine she now appeals. Her theory is that there was no evidence sufficient to sustain the conviction, specifically in that there was no evidence of a purchase by the minor in the tavern.

The provision of the ordinance which appellant was charged as having violated reads as follows:

"147–14. It shall be unlawful for any licensee, or any officer, associate, member, representative, agent or employee of such licensee to sell, give or deliver alcoholic liquor to any minor. . . ."

Jack Demarco, age 17, in the company of Erma Jean Jackson, age 15, was in appellant's tavern on December 11, 1960. While in the tavern he came into possession of a half pint of scotch whiskey. A police officer arrested Demarco shortly after he left the tavern in the company of Erma Jean Jackson and her cousin, Myrtle Wiggins. The police returned to the tavern with Demarco, and he was identified as having been in the tavern. The police took a statement from Myrtle Wiggins, who stated that she had seen the whiskey in Demarco's possession but that she did not know whether or not the waitress sold it to him.

At the bench trial Myrtle Wiggins testified on direct examination that Demarco "bought some scotch and put it on the table," although she later modified

her testimony on cross examination. Demarco testified on direct examination as follows:

"Q. Did you buy the liquor?
A. Yes I bought it.
Q. From whom? Did you buy it in the tavern?
A. I did sir.
Q. From whom?
A. A waitress, the lady that works on the tables. . . ."

Demarco then modified his testimony, after what appears to be a suggestion to him by his attorney, and stated that he could not obtain any liquor so he gave money for it to an older boy friend of Myrtle Wiggins. The latter, however, denied that she had a boy friend there.

██ The record reveals ample evidence to support the conviction. A contradiction in the testimony of a witness does not render his testimony nugatory, but goes to the weight and credibility of his testimony. Acquaviva v. Madison County Mut. Automobile Ins. Co., 285 Ill App 431, 2 NE2d 334. The trial court was in a position to observe the candor and demeanor of the witnesses, and the record supports the view that Demarco bought the liquor from the waitress, rather than the proffered story that it was purchased by a third party.

█ Appellant contends that the conviction must be reversed because there is no proof of guilt beyond a reasonable doubt. The record probably satisfies even this degree of proof, but it is not necessary to apply this higher standard. In such a case as this, where no crime has been charged in the complaint, the rule is that the violation of the ordinance must be proved like any ordinary civil suit for the recovery of

305

a penalty, by a "clear" preponderance or by more than a "mere" preponderance of the evidence. City of Chicago v. Butler Bros., 350 Ill App 550, 554, 113 NE2d 210, and cases cited therein. See also City of Chicago v. Atkins, 19 Ill App2d 177, 153 NE2d 302.

The evidence satisfies such a burden of proof, and the judgment must be affirmed.

Judgment affirmed.

FRIEND, P. J. and BURKE, J., concur.