The City of Highland Park, a Municipal Corporation, Plaintiff-Appellee, v. James A. Curtis, Defendant-Appellant.

Gen. No. 66–103M.

Second District.

May 24, 1967.

Arthur C. Holt, of Waukegan, for appellant.

Thomas H. Compere, Corporation Counsel, of Highland Park, and Berle L. Schwartz, Assistant Corporation Counsel, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from the judgment of the Circuit Court entered upon the verdict returned by the jury finding the defendant guilty of driving while under the influence of intoxicating liquor, contrary to an ordinance of the City of Highland Park, and assessing a fine against him in the sum of $200.

The defendant-appellant pleaded not guilty and demanded a jury trial. The Magistrate in charging the jury, refused the defendant's instruction to the effect that he was presumed to be innocent and that the City must prove his guilt beyond a reasonable doubt. And, over the defendant's objection, the Magistrate instructed the jury that the City must prove the violation of the ordinance in question by the clear preponderance of the evidence; and that if the jury's verdict was for the City, then it should state the amount of the fine, which, under the ordinance, could be no less than $1, nor more than $500.

The defendant filed a post-trial motion, claiming that the Magistrate erred in refusing to give the defendant's instruction relative to the presumption of innocence and requiring proof of defendant's guilt beyond a reasonable doubt. He also claimed error in the court's giving of plaintiff's instruction that the City must prove the ordinance violation by a preponderance of the evidence,

and in submitting to the jury a form of verdict requiring it, in event of a finding of guilty, to assess the fine against the defendant. This motion was denied.

The defendant contends that since January 1, 1964— the effective date of the Code of Criminal Procedure (Ill Rev Stats 1965, c 38, pars 100–1 through 125–4)— all prosecutions under penal ordinances of a political subdivision of the State, which includes a municipality thereof, are under the Code of Criminal Procedure and in accordance with the rights of the defendant as set forth under the Criminal Code (Ill Rev Stats 1965, c 38, pars 1–1 through 34–4), which became effective January 1, 1962. He further urges that under said Codes, the City is required to prove the defendant guilty beyond a reasonable doubt of an ordinance violation, and in event such burden is sustained by the City, that then, only the court may determine the penalty or sentence; and that, consequently, the court erred in instructing the jury.

The City urges that:

 (a) the Code of Criminal Procedure of 1963 does not apply to prosecutions brought for the violation of ordinances of municipalities;

 (b) prosecutions brought in the name of municipalities for the purpose of imposing a fine are nevertheless tried and reviewed as civil proceedings;

 (c) in a prosecution for the violation of a municipal ordinance and the imposition of a fine, the required burden of proof is a clear preponderance of the evidence, and not proof beyond a reasonable doubt; and

 (d) when a municipality seeks to impose a penalty for the violation of a municipal ordinance and the case is tried before a jury, it is the function of the jury to determine the amount of the fine to be imposed within the limits prescribed by the ordinance.

The Code of Criminal Procedure specifies that its provisions shall govern all criminal proceedings in the courts, except where a different procedure is specifically provided by law. (Ill Rev Stats 1965, c 38, par 100–2.) Under section 102–8 of the Code, "charge" means a written statement presented to a court accusing a person of the commission of an offense and includes an indictment, information and complaint (Ill Rev Stats 1965, c 38, par 102–8); and an "offense" is a violation of any penal statute of the State, or any penal ordinance of its political subdivisions. (Ill Rev Stats 1965, c 38, par 102–15.)

The Criminal Code provides that every person is presumed innocent until proven guilty beyond a reasonable doubt (Ill Rev Stats 1965, c 38, par 3–1); and the Code of Criminal Procedure further provides that the jury shall return a general verdict as to each offense charged (Ill Rev Stats 1965, c 38, par 115–4(j)); and the Criminal Code provides that the court shall determine and impose the penalty with reference to the offense charged (Ill Rev Stats 1965, c 38, par 1–7(b)).

The foregoing Code provisions give rise to the questions of whether the enforcement of an ordinance by a municipality is a criminal proceeding; whether a municipality is a political subdivision of the State; and whether there are any other specific statutory provisions which indicate a different procedure in connection with the enforcement of municipal ordinances.

■ Since 1864, our courts have consistently held that a prosecution for the violation of a municipal ordinance to recover a fine or penalty from a defendant, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding, and not as a criminal prosecution. At common law, a penalty given by ordinance or statute might be recovered in an action of debt or assumpsit, in any court of general jurisdiction, but such penalty could not be recovered in a criminal proceeding. City of Decatur v. Chasteen, 19 Ill2d 204, 216,

166 NE2d 29 (1960) ; Village of Maywood v. Houston, 10
Ill2d 117, 119, 139 NE2d 233 (1956) ; Town of Jackson-
ville v. Block, 36 Ill 507, 509, 510 (1865) ; Ewbanks v.
Town of Ashley, 36 Ill 177, 180 (1864). In such cases,
the proceeding being civil in form, the right of appeal
was conferred on appellee as well as appellant. Village
of Maywood v. Houston, supra, 119; Baldwin v. City of
Chicago, 68 Ill 418, 419, 420 (1873). "By thus recognizing
a municipality's right to appeal an adverse decision in a
case to collect an ordinance violation penalty, the courts
have by implication rejected a claim of double jeopardy
were the case to be remanded for a new trial." Village
of Maywood v. Houston, supra, 120.

■■■ While the foregoing decisions were prior to the ef-
fective dates of the Criminal Code and Code of Criminal
Procedure, a reviewing court has, since said dates,
reached similar conclusions. (Village of Park Forest v.
Bragg, 74 Ill App2d 87, 89–93, incl., 220 NE2d 61 (1966).)
In discussing the problems involved under contentions
such as those advanced by the defendant, the court stated
at pages 89 and 90 :

> "The legal problem posed by this appeal is a prod-
> uct of the difficulty the Illinois courts have experi-
> enced in classifying ordinance violation prosecutions
> either as wholly criminal proceedings, as wholly civil
> proceedings, or as 'quasi-criminal' proceedings. If an
> ordinance violation prosecution can properly be clas-
> sified as a criminal proceeding, and subject to all the
> rules which apply thereto, several conclusions are
> at once apparent. First of all, the municipality
> would not have the right to appeal an adverse deci-
> sion, under Supreme Court Rule 27(4), (Ill Rev
> Stats, ch 110, section 101.27(4) (1965)) ; in fact, we
> would be without jurisdiction to hear this appeal.
> Secondly, it is established that in a criminal case,
> after a finding of guilty, the trial judge cannot sus-
> pend the sentence for an indefinite period except un-

der probation proceedings as provided by statute. People ex rel. Smith v. Allen, 155 Ill 61, 39 NE 568; People ex rel. Boenert v. Barrett, 202 Ill 287, 67 NE 23. The United States Supreme Court announced a similar rule for the federal courts in Ex Parte United States, Petitioner, 242 US 27. Nor can the trial judge impose a penalty which differs from the mandatory penalty established by the Legislature, People ex rel. Ward v. Salter, 28 Ill2d 612, 192 NE 2d 882. Finally, if ordinance violation prosecutions are criminal proceedings, the trial judge can make use of probationary remedies, and therefore the power to suspend penalties indefinitely would be somewhat redundant."

Because of these decisions and for reasons hereinafter stated, we do not believe that the enforcement of an ordinance by a municipality is a criminal proceeding.

In 1963, the same legislature which enacted the Code of Criminal Procedure, amended sections 1-2-1 and 1-2-9 of the Cities and Villages Act (Ill Rev Stats 1965, c 24, pars 1-2-1 and 1-2-9); and in 1961, the same legislature which enacted the Criminal Code, also adopted the Municipal Code of 1961. Section 11-1-1 thereof authorized the corporate authorities of each municipality to pass and enforce all necessary police ordinances. (Ill Rev Stats 1965, c 24, par 11-1-1.) Section 1-2-1, as amended, empowers a municipality to pass all ordinances necessary to carry into effect the powers granted to it, with such fines or penalties as may be deemed proper. It further provides that no fine or penalty, except civil penalties provided for failure to make returns or pay taxes levied by the municipality, shall exceed $500 and no imprisonment for failure to pay any fine, penalty or costs shall exceed 6 months for any one offense.

Section 1-2-9, as amended, provides that actions for the enforcement of municipal ordinances may be initiated by summons or warrant and outlines the procedure at-

tendant to bringing the alleged violator to trial. It further provides that any person upon whom a fine or penalty is imposed, upon order of the court before whom the conviction is had may be committed to jail until the fine, penalty and costs are paid; and that the municipality may provide "by ordinance that every committed person shall be required to work at whatever labor his strength permits, within and without the place of incarceration, not to exceed 10 hours each working day. The committed person shall be allowed, exclusive of his board, a credit of $5 for each day's work on account of the fine, penalty, and costs." This latter provision has long been a part of the Cities and Villages Act, and the amendment merely increased the amount to be allowed as a credit for each day's work on account of a fine, penalty and costs.

The predecessor statute to section 1-2-9 was enacted on April 12, 1879. The imprisonment provided for in this Act was designed by the legislature to be in satisfaction of the fine imposed upon a defendant for the violation of an ordinance. In essence, it was analogous to the satisfaction by imprisonment for debt at the common law. To place a limit upon the time of such imprisonment, the Act fixed a time beyond which a party could not be imprisoned. A contemporaneous decision held that the whole extent of the punishment was the assessment of the fine and costs; that the imprisonment would cease upon the payment of the fine and costs; and that the imprisonment was incidental to the power to fine, and was not regarded in the light of punishment. Town of Sheffield v. O'Day, 7 Ill App 339, 342–344, incl. (1880).

██ When we consider the dichotomy of the contemporaneous legislative enactments under the Criminal Code and Code of Criminal Procedure and under the Cities and Villages Act, we cannot accept the view that said Codes supersede the provisions of the Cities and Villages Act in those cases where the ordinance provi-

sions of the municipality regulate specific conduct which is subject also to similar treatment by said Codes, or other statutory enactment.

The defendant does not contend that the ordinance is invalid in that it is in conflict with said Codes or of section 47 of the Motor Vehicles Act (Ill Rev Stats 1965, c 95½, par 144). Section 47 of said Act declares it to be unlawful for any person under the influence of intoxicating liquor to drive any vehicle within the State and the ordinance makes the same provision, but limits its application to the City of Highland Park. Every person convicted of violating the enactment is subject to imprisonment for not less than 2 days nor more than 1 year, or by fine of not less than $100 nor more than $1,000 or by both such fine and imprisonment, while any person violating the ordinance is subject only to a fine of not less than $1, nor more than $500.

In Village of Winnetka v. Sinnett, 272 Ill App 143 (1933), the Village ordinance and section 41 of the Motor Vehicle Act each provided that it shall be unlawful for a person while in an intoxicated condition to operate a vehicle upon the streets of the Village. The court there determined that the enactment of section 41 of the Motor Vehicle Act did not repeal by implication the ordinance of the Village. At page 147, the court quoted from City of Decatur v. Schlick, 269 Ill 181, 184, 109 NE 737 (1915) and stated:

> "Appellants concede in their brief that a municipal ordinance is not invalid by reason of prohibiting and penalizing acts already prohibited by statute.
> . . .
> "In the more recent case of City of Litchfield v. Thorworth, 337 Ill 469, the court cited as authority the cases of City of Chicago v. Union Ice Cream Mfg. Co., supra, and City of Decatur v. Schlick, supra, and said in sustaining the ordinance in question: 'The ordinance only undertakes to prohibit and penalize

acts already prohibited by statute. A municipal ordinance passed under proper authority will not be declared invalid because it prohibits acts already prohibited by statute.' "

██ It is well settled law that municipalities may exercise police power concurrently with the State, and that police regulations may differ from those of the State on the same subject, if not inconsistent therewith (10 ILP, § 1105, page 22).

██ Thus, we believe that sections 1–2–1 and 1–2–9 of the Cities and Villages Act—which were amended by the same legislature that enacted the Code of Criminal Procedure—are in pari materia with sections 102–8 and 102–15 of the Code of Criminal Procedure and section 47 of the Motor Vehicle Act; and that, since these statutory provisions are not without ambiguity, they should be construed together to determine the intent of the legislature. The primary object of statutory construction is to ascertain and give effect to such intent, and courts should consider the reason or necessity for the enactment, the contemporaneous conditions, existing circumstances, and the object sought to be obtained by the statutes. People ex rel. Krapf v. Hayes, 13 Ill2d 143, 147, 148 NE2d 428 (1958). We must presume that the several enactments relative to the offense of drunken driving, relate to one subject and are governed by one policy and spirit; and that the legislature intended the several statutes to be consistent and harmonious. Scofield v. Board of Education, 411 Ill 11, 20, 103 NE2d 640 (1952); Ashton v. County of Cook, 384 Ill 287, 298, 51 NE 2d 161 (1943); People v. Brausam, Gen. No. 66–149M, Second District, filed June 14, 1967.

Of necessity, municipalities, which are ever-increasing in size and number, must make and enforce regulations pertaining to the use of their streets by vehicles in order to prevent accidents and promote the health and general welfare. This is particularly true in the light of the

growth of our population, the increase in the number of automobiles upon our streets and highways and the improvement thereof. Such regulations by the municipality are further indicated by the present trend of automobile manufacturers to build vehicles with greater horsepower, which travel faster, and by the simultaneous rise in the consumption of alcoholic liquors.

 To protect the lives of our people and the safety of our property in the light of these conditions, our legislature saw fit to authorize both the State and municipalities to impose sanctions against any person who drives an automobile while under the influence of intoxicating liquors. While we do not regard this action as a criminal proceeding, even if it were, we believe that it would be exqised from the provisions of the Code by section 100–2 thereof; and that the legislature has provided another and different procedure than that set forth in the Criminal Code for the enforcement of municipal ordinances. Likewise, with reference to the enforcement of municipal ordinances, we do not believe that a city is a political subdivision of the State. Also see: Berwind, Inc. v. Chicago Park Dist., 393 Ill 317, 335, 65 NE2d 785 (1946); West Chicago Park Com'rs v. Chicago, 152 Ill 392, 403, 38 NE 697 (1894).

 A prosecution for the violation of a municipal ordinance and to recover a fine or penalty therefor, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding. Consequently, the burden of proof required by the City to establish such violation is the clear preponderance of the evidence. City of Chicago v. Williams, 45 Ill App2d 327, 329, 195 NE2d 425 (1963); City of Chicago v. Carney, 34 Ill App2d 303, 305, 306, 180 NE2d 729 (1962).

 The defendant's contention that only the court may determine the penalty for the violation of the ordinance is founded on the false assumption that the action against the defendant for the violation of the ordinance

228

is a criminal proceeding. In Village of New Athens v. Casperson, 202 Ill App 555 (1916), the court stated at pages 556 and 557:

"Appellant complains in this court that the trial court erred in its instructions as to the form of verdict and that it was for the jury and not the court to fix the penalty. This was clearly a civil action governed by the rules of civil procedure, and therefore the jury alone could determine the amount of the penalty. In Hoyer v. Town of Mascoutah, 59 Ill 137, the court stated in its opinion: 'It has been repeatedly held by this court that a proceeding to collect a penalty for the violation of a town ordinance is a civil suit. Such a penalty cannot be recovered in any criminal proceeding. Town of Jacksonville v. Block, 36 Ill 507; Graubner v. City of Jacksonville, 50 Ill 87. The fact that the offense charged was assault and battery does not change the character of the proceedings. It is still a civil suit. The town only acquires jurisdiction because the offense is prohibited by ordinance.' See also, City of Chicago v. Knobel, 232 Ill 112; McLain v. City of Chicago, 127 Ill App 489. In City of Chicago v. Kenney, 35 Ill App 57, it was held: 'The proceeding must be in the corporate name of the city, and is a civil action in form, debt, and governed in all respects by the rules of procedure in civil cases.' (Citations.)

"As this must be regarded as a civil action, it follows that the court had no authority, in the absence of a statute conferring power to do so, to fix the amount due the village as penalty or debt, and that such amount should have been determined by the jury and included in their verdict."

We recognize that the concurrent existence of a municipal ordinance and a legislative enactment, each of which prescribes a penalty upon any person who drives

229

a vehicle while intoxicated, creates problems and that the decisions in this area do not always have a logical consistency. In fact, this circumstance may be described as an anomaly in our law. However, the dichotomy in this area of the law has its roots in the common law and experience. And, the following remarks by Mr. Justice Holmes in his lectures on "The Common Law" have a marked pertinency with reference to the case at bar: "The life of the law has not been logic, it has been experience. The felt necessities of the time, the prevalent moral and political theories; intentions of public policy avowed or unconscious, even the prejudices which judges share with their fellowmen, have a good deal more to do than the syllogism in determining the rules by which men should be governed."

These problems and their solution illustrate the marvelout flexibility of our legal system, which, as no other, can adapt the wisdom and experience of the past to the complex problems of today. Under these circumstances, we cannot but believe that if the legislature had intended to modify these time-honored precedents, it would have expressly repealed the pertinent sections of the Cities and Villages Act rather than leave the question of its intention to the infirmities of construction so often inherent in the doctrine of repeal by implication.

For the reasons set forth herein, the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN and ABRAHAMSON, JJ., concur.