City of Rockford, a Municipal Corporation, Plaintiff-Appellant, v. Melvin Maxwell, Defendant-Appellee.

Gen. No. 67–90.

Second District.

February 23, 1968.

John W. Nielsen, of Rockford, for appellant.

Haye and Keegan, of Rockford, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The City of Rockford, herein referred to as City, appeals from a judgment finding the defendant, Melvin Maxwell, not guilty of violating a city ordinance.

The ordinance in question makes it unlawful for any resident of the City to drive a motor vehicle upon the public ways of the municipality without first obtaining a license for said vehicle. All such licenses, by ordinance, expire on the 31st day of May following the date of issuance.

There being no verbatim transcript of evidence available, a proposed report of proceedings in accordance with Supreme Court Rule 323(c) was filed herein which disclosed that on February 8, 1967, the defendant, an employee of Chas. Ind Co., an Illinois corporation, was driving a truck owned by the corporation within the geographic boundaries of the City without said license and was arrested.

At the bench trial before a magistrate, the City called the arresting officer who testified that the truck was without a city vehicle tag and that 1415 Point Avenue is located within the confines of the City of Rockford. The City then introduced into evidence, over the objection of the defendant, a publication issued by the Secretary of State of Illinois entitled "The Certified List of Foreign and Domestic Corporations for the Year 1966," where at page 371 the following entry was made:

| Chas. Ind Co. | Chas. Ind-1415 Point Avenue, Rockford |
| Point Ave. R.R. #1 | Louise Poivey, 1415 Point Avenue, Rockford |
| Rockford | Chas. Ind |

Neither this exhibit or a copy of the same is to be found in the record.

The defendant, without objection, introduced into evidence a copy of the registration card of the vehicle issued by the Secretary of State. This exhibit indicated the address of Chas. Ind Co. to be 5548 Warehouse Road. The defendant's only witness, Chas. Ind, testified that at

337

this address there is a warehouse in which vehicles are stored and that the address is not within the confines of the City. On cross-examination, the City attempted to determine the place from which vehicles owned by the corporation were dispatched but the magistrate sustained the defendant's objection to such inquiry.

On the reverse side of the traffic ticket and complaint, under which this cause was tried, there appears the following written statement signed by the magistrate:

> "Not Guilty—testimony and evidence presented indicated vehicle in question was registered (verified) at 5548 Warehouse Rd. on February 2, 1967—(outside limits of City of Rockford) Court also notes arrest was made on *Feb. 8, 1967.*" [Emphasis added.]

It is contended by the appellant (1) that a motor vehicle assumes the legal residence of its owner and the evidence in this case established the owner of the truck (Chas. Ind Co.) to be a resident within the City of Rockford; (2) in the alternative, that the trial court committed reversible error by restricting cross-examination.

The City argues that the residence of a corporation is the address of its registered agent; that the Secretary of State's certified list disclosed the address of the registered agent in this case to be 1415 Point Avenue, Rockford, Illinois; that the evidence is uncontradicted that such address is within the corporate limits of the City, and therefore, the trial court's holding was contrary to the law.

The defendant admits that the address of the registered agent of an Illinois corporation determines the residence of that corporation; however, he claims that the certified list introduced in this case was not determinative of residence because it did not cover the time in question, that is, the date of the offense.

The certified list of domestic corporations is compiled from annual reports filed by such corporations in this

State as provided by sections 95 and 96 of the Business Corporation Act (Ill Rev Stats 1965, c 32, §§ 157.95 and 157.96). Section 155 of the Business Corporation Act (Ill Rev Stats 1965, c 32, § 157.155) provides as follows:

> "The Secretary of State shall publish on or before November first of each year a list of corporations filing an annual report for the *preceding year* in accordance with the provisions of this Act, which report shall state the name of the corporation and the respective names and addresses of the president, secretary, and registered agent thereof and the address of the registered office in this State of each such corporation. . . ." (Emphasis added.)

It should be noted at this time that the address of the registered office and the registered agent of a corporation must be identical. (Ill Rev Stats 1965, c 32, § 157.-11(b) and § 157.12(f)).

Section 12 of the Business Corporation Act (Ill Rev Stats 1965, c 32, § 157.12) provides for the filing of any change of address of the registered agent with the Secretary of State and further provides that a duplicate original of such change shall be filed with the recorder of deeds of the county in which the registered agent was situated prior to the change.

The certified list in this case, which was allowed into evidence over objection, was the only proof offered by the City touching upon the residency of the corporation. However, all that this list divulged was that Chas. Ind Co. had its registered agent within the City during the year 1965, which was the year preceding the date of publication, and did not show the corporation to be a resident of the City on February 8, 1967, the date of the offense.

■ Since the parties have agreed that the residence of a corporation is the address of its registered agent, and since the residence of the corporation that owned the

339

vehicle is a necessary element of proof in order for the City to collect a license fee (Ill Rev Stats 1965, c 95½, § 32a), it became incumbent upon the City to prove, not only that the corporation was a resident within its boundaries but, also, that it was a resident at the time of the offense. This proof must be by a clear preponderance of the evidence in order to enforce any penalty for a violation of its ordinance. City of Highland Park v. Curtis, 83 Ill App2d 218, 228, 226 NE2d 870 (1967); City of Chicago v. Williams, 45 Ill App2d 327, 329, 195 NE2d 425 (1963); City of Chicago v. Carney, 34 Ill App2d 303, 305–306, 180 NE2d 729 (1962). We are of the opinion from the evidence in this case that the City failed to meet this burden of proof.

We are of the further opinion that, even though the magistrate's conclusion was arrived at incorrectly, by basing his holding upon the address shown on the registration card, still the judgment must be upheld due to the insufficient proof offered by the City in its case-in-chief. Where a decision of a court is correct, it will not be reversed because an incorrect method was used in arriving at the ultimate result. It is of no consequence that the trial court may have stated a wrong reason therefore, because the judgment may be sustained upon any ground warranted by the record, irrespective of whether the particular reasons given or the specific findings are correct. Monarski v. Greb, 407 Ill 281, 291, 95 NE2d 433 (1950); Miller v. Chicago Transit Authority, 78 Ill App2d 375, 381, 223 NE2d 323 (1966); Adamaitis v. Hesser, 56 Ill App2d 349, 358, 206 NE2d 311 (1965); In re La Rue's Estate, 53 Ill App2d 467, 475, 203 NE2d 47 (1964).

The City has relied on its second alleged error only in the alternative. In its brief it states "that in the event that this Court holds, as did the trial court, that registration of a motor vehicle controls the residency requirement

of the ordinance being interpreted, *then and only then,* this Court should remand the cause for a new trial. . . ." Because we have not held that a corporation's residence is determined by the address shown on its motor vehicle registration card, there is no need to respond to this point.

For the reasons hereinbefore stated the judgment of the magistrate court of Winnebago County is affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.