THE CITY OF CREVE COEUR, Plaintiff-Appellee, *v.* HENRI H. PELLETIER, Defendant-Appellant.

Third District   No. 76-125

Opinion filed January 11, 1977.

Henri H. Pelletier, of Pekin, *pro se.*

Michael J. Mathis, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The defendant, Henri H. Pelletier, was convicted of violating a local traffic ordinance and fined following a bench trial in the Circuit Court of

Tazewell County. The sole issue on appeal is whether the defendant's guilt was proved by a clear preponderance of the evidence. We affirm.

At about 4:55 p.m. on Sunday, October 19, 1975, defendant was driving southbound through the City of Creve Coeur on a rural four-lane public highway. Because of road construction the posted speed limit had been temporarily reduced from 55 m.p.h. to 40 m.p.h., although no construction work was taking place at this time. At 1000 South Main in Creve Coeur, Officer Thatcher clocked defendant's car on radar at a speed of 54 m.p.h. and proceeded to issue him a speeding citation.

At trial defendant testified that the construction zone was of limited size, and the change in the posted speed limit occurred abruptly as he entered the construction area. Defendant conceded his speed in the construction area was between 50 m.p.h. and 55 m.p.h., but stated he was merely keeping up with traffic and that he was afraid if he applied his brakes the sudden reduction in speed would create a traffic hazard. The trial court found defendant guilty of speeding in violation of a local ordinance and fined him $14 plus $5 court costs.

On appeal, defendant contends that although he was driving in excess of the posted speed limit, the threat of an accident constituted an extenuating circumstance which entitled him to a verdict of not guilty on the speeding charge. This contention has no merit whatsoever.

■■ A rule of absolute liability has evolved in cases involving the violation of a municipal speeding ordinance. (*People v. Thexton* (2d Dist. 1914), 188 Ill. App. 2; 7 Am. Jur. 2d *Automobiles And Highway Traffic* §193, n. 17 (1971); see *People v. Espenscheid* (3d Dist. 1969), 109 Ill. App. 2d 107, 249 N.E.2d 866.) Accordingly, the trial court here properly refused to consider defendant's reasons for failing to reduce his speed an adequate defense to the charge.

■■ Section 11—604 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—604) empowers local authorities to declare by ordinance a reasonable and safe maximum speed limit which is greater or less than that prescribed in the Code when warranted by considerations of public safety. In the instant case we note that the speed limit had been temporarily reduced due to a road construction project. In light of this circumstance, we conclude that the City's speeding ordinance was a reasonable and proper exercise of its power under section 11—604 of the Code.

Having thus determined that defendant's mental state at the time of his arrest for speeding is irrelevant and that the City's speeding ordinance was lawful, we must finally decide whether defendant was proved guilty by a clear preponderance of the evidence.

■■ We note that defendant was not convicted of violating any State law, but rather was convicted of violating a municipal ordinance.

Convictions for municipal ordinance violations are to be established by a clear preponderance of the evidence and do not require proof beyond a reasonable doubt. (*Chicago v. Joyce* (1967), 38 Ill. 2d 368, 232 N.E.2d 289.) The enforcement of an ordinance by a municipality is not a criminal proceeding which falls under the criminal code and therefore the rule is that a prosecution for the violation of a municipal ordinance to recover a fine or penalty from a defendant, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding and not as a criminal prosecution. *Highland Park v. Curtis* (2d Dist. 1967), 83 Ill. App. 2d 218, 226 N.E.2d 870.

■■ Furthermore, in a bench trial, the determination of the credibility of witnesses and the weight to be given their testimony are matters for the trial judge. Having reviewed the record on appeal, we hold defendant's admission that he was speeding coupled with the fact that he was radar timed at a speed of 54 m.p.h., sufficient to establish his guilt by a clear preponderance of the evidence.

Accordingly, the judgment of conviction of the Tazewell County Circuit Court is affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.