THE VILLAGE OF SCHAUMBURG, Plaintiff-Appellee, *v.* IRENE PETKE, a/k/a Irene Diamond, Defendant-Appellant.

First District (3rd Division)    No. 76-1077

Opinion filed February 22, 1978.

Bowen H. Tucker, of Chicago, and Barry M. Pass, of Schaumburg, for appellant.

Jack M. Siegel, of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The Village of Schaumburg (Village) filed a complaint against Irene Petke charging that she violated section 20—29 of the Village Code, which provides:

> "It shall be unlawful for any person to obtain money or property from another by fraudulent devices and practices in the name of, or by means of, spirits, mediumship, palmistry, card reading, astrology, seership or like crafty science or fortune telling of any kind."

After a bench trial, the circuit court found that the defendant had violated the village ordinance by giving a card reading to Darlene MacInnis. The defendant was fined $250.

The facts relevant to a disposition of this appeal are uncontroverted. Village detective Frank Sajck testified that on November 10, 1975, he went to the premises in the village occupied by the defendant, where he observed a front window advertisement reading, "Astrology Classes, Sign Up For AM Classes." He also believed there was a sign, "House of Knowledge, Universe of Truth, Irene Diamond." A sign on the door said, "Open."

Mrs. MacInnis testified that on the next morning she called the defendant's telephone number and spoke to an unidentified person with whom she arranged an appointment for a card reading the same morning. During the telephone conversation Mrs. MacInnis asked what the charge was for a reading and was told $10.

Mrs. MacInnis further testified she went to the defendant's premises and the defendant gave her a card reading lasting approximately one-half hour. The defendant told Mrs. MacInnis various things about Mrs. MacInnis' personality and life. Although the defendant did not ask for any money, when the reading was concluded Mrs. MacInnis handed the defendant $10 which the defendant accepted. Mrs. MacInnis testified that she visited the defendant for a card reading at a friend's suggestion and out of curiosity. The record discloses that Mrs. MacInnis was a village employee at this time; it does not disclose whether the suggestion that Mrs. MacInnis request a card reading was made to her by Detective Sajck or some other village authority.

The defendant raises two issues in this appeal: first, that there was insufficient evidence to establish that she had violated the village ordinance; and second, that her card reading was a religious activity

protected by the first amendment to the United States Constitution. Because the defendant is correct in asserting that there was insufficient evidence to demonstrate a violation of the village ordinance, it is unnecessary to address the constitutional issue of freedom of religion.

A city of Chicago ordinance almost identical to the village ordinance on which this case is based was construed in *City of Chicago v. Westergren* (1912), 173 Ill. App. 562, and *City of Chicago v. Payne* (1911), 160 Ill. App. 641, 642. The Chicago ordinance provided:

> " 'That any person or persons who shall obtain money or property from another by fraudulent devices and practices in the name of or by means of spirit mediumship, palmistry, card reading, astrology, seership, or like crafty science, or fortune telling of any kind, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than twenty-five ($25) dollars nor more than one hundred ($100) dollars for each offense.' "

No doubt, both the village and the city of Chicago ordinances had their antecedents in the provision of the Illinois Municipal Code which permitted corporate authorities to suppress "all fraudulent devices or practices" for the purpose of obtaining money or property (see Ill. Rev. Stat. 1975, ch. 24, par. 11—5—1), and the ordinances included reference to fraudulent devices or practices in an attempt to comply with the authority granted by that provision of the Illinois Municipal Code. See *City of Chicago v. Ross* (1912), 257 Ill. 76.

In both *Payne* and *Westergren*, the courts held that the enumerated practices were not fraud *per se*. In order to establish a violation of the ordinance, proof of a separate act of fraud in connection with the performance of one of the practices set forth in the ordinance was required. In *Westergren*, the court declared at 564:

> "However unreasonable such ideas and beliefs may appear to many, it is certain, and so indicated in this record, that a large number of people have faith and confidence in spirit mediumship; and we are of the opinion that the belief therein and honest practice thereof without fraudulent means, tricks or devices cannot be held criminal."

Nearly 70 years have passed since the *Westergren* court made this statement, and such practices still claim a large and often devoted following. Many people seek out card readings, fortune tellings, palmistry, astrology readings or horoscopes for amusement or entertainment, as a lark, out of curiosity, or to satisfy their superstitious beliefs. The village has not advanced any reason why this court should not construe the village ordinance in the same manner the courts in *Payne* and *Westergren* construed the city of Chicago ordinance.

■■ If the village ordinance had been intended to prohibit practices

such as card reading, palmistry, astrology or fortune telling even when unaccompanied by fraud, the phrase "fraudulent devices and practices" would not have been used in the ordinance. Instead, the ordinance would have directly prohibited these activities. Moreover, if the parenthetical phrase "or by means of" is disregarded, the ordinance clearly requires fraud in connection with the activities referred to by the ordinance. The phrase "or by means of" cannot be construed to equate the enumerated practices with fraud. The phrase is ambiguous, and any ambiguities which exist must be construed narrowly because the ordinance is punitive in nature. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 543, 349 N.E.2d 31; *People v. Isaacs* (1967), 37 Ill. 2d 205, 215, 226 N.E.2d 38.) Therefore, the ordinance neither prohibits card reading in itself, nor declares that card reading is a fraudulent device or practice. The ordinance requires proof of fraud independent of the mere performance of the act of card reading to establish a violation.

The evidence in this case does not show that the defendant violated the ordinance by employing a fraudulent device or practice in conjunction with the card reading she gave. Mrs. MacInnis admitted that she voluntarily contacted the defendant for a reading at the suggestion of a friend and out of curiosity. She was told over the telephone by an unidentified person that a reading would cost $10; that is all Mrs. MacInnis gave the defendant. There is no evidence that Mrs. MacInnis did not receive the card reading that she sought from the defendant, or that the defendant made any attempt to obtain more than $10 from her. Mrs. MacInnis did not complain about the quality of the reading or that she did not receive her money's worth. However unauthentic many people may consider card reading, the defendant here did nothing more than give a card reading. There was no evidence that she defrauded Mrs. MacInnis or engaged in any fraudulent devices or practices to obtain or attempt to obtain money from Mrs. MacInnis. The circuit court's holding that defendant violated section 20—29 of the village ordinance is therefore reversed.

Judgment reversed.

McNAMARA and McGILLICUDDY, JJ., concur.