CONSOLIDATION COAL COMPANY, Plaintiff-Appellant, v. THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellees.

Fifth District   No. 5—84—0480

Opinion filed September 19, 1985.

Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Rita M. Novak, Assistant Attorney General, both of Chicago, of counsel), for appellee Department of Labor.

James D. Lynch, of Springfield, for other appellees.

JUSTICE WELCH delivered the opinion of the court:

In this administrative review action, plaintiff Consolidation Coal Company appealed from the decision of defendant Illinois Department of Labor that claimants, employees of Consolidation Coal, were not ineligible for unemployment compensation benefits. From the judgment of the circuit court of St. Clair County affirming the decision of the Department, Consolidation Coal appeals to this court.

The operative facts concern a series of work stoppages at Consolidation Coal's Burning Star No. 4 Mine in Cutler during May of 1980. The claimants sought unemployment benefits. A claims adjudicator determined that none of the claimants was eligible for benefits. On appeal a representative of the Director of Labor recommended that the decision of the claims adjudicator be set aside with certain exceptions. On November 6, 1981, the representative's decision was mailed to Consolidation Coal with notice that Consolidation Coal had 10 days

in which to file objections thereto. The letter further stated that after considering the representative's report and the objections, the Director would render a decision and Consolidation Coal would then have 35 days to obtain judicial review. This letter was received on November 13. On that date, Consolidation Coal mailed its letter stating certain general objections, noting that much of its 10 days had passed prior to its receipt of the representative's report, and indicating that further objections would be filed. Consolidation Coal's further written objections were submitted on November 18. That same date, the Director of Labor issued his decision adopting the representative's report. By letter dated December 4, Consolidation Coal asserted that its objections had not received proper consideration; reconsideration was requested. by letter dated January 8, 1982, the Director stated that the file had been reviewed and the objections considered, and that the decision was in accord with the law and would not be changed. This latter further stated that "the law provides for a further appeal to the Circuit Court, if such an appeal is filed within 35 days of the decision." Consolidation Coal's complaint for administrative review was filed January 28. In a written order denying the Department's motion to dismiss for lack of subject matter jurisdiction, the court concluded, *inter alia*, that the Director's January 8, 1982, letter constituted a termination of the proceedings for purposes of judicial review. The circuit court ultimately concluded that the Director's decision was not against the manifest weight of the evidence, and entered judgment accordingly. This appeal followed.

██ The Department argues on appeal that the circuit court was without jurisdiction to entertain Consolidation Coal's complaint because it was not timely filed in the circuit court. Consolidation Coal replies that the Department has waived the issue by failing to file a notice of cross-appeal from the judgment of the circuit court. (See *Cleys v. Village of Palatine* (1980), 89 Ill. App. 3d 630, 635, 411 N.E.2d 1161, 1165.) We must reject the latter position for two reasons. First, an appellee is entitled to sustain the judgment on review upon any ground warranted by the record, whether or not the specific findings or reasons given are correct. (*City of Rockford v. Maxwell* (1968), 92 Ill. App. 2d 336, 340, 234 N.E.2d 563, 566.) The record is sufficient to show whether the circuit court had jurisdiction of this action. Second, the present issue is one of subject matter jurisdiction and as such cannot be waived. (*Klaren v. Board of Fire & Police Commissioners* (1968), 99 Ill. App. 2d 356, 360, 240 N.E.2d 535, 537.) Therefore we consider the jurisdictional issue.

██ Section 4 of the Administrative Review Act stated that every

action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby. (Ill. Rev. Stat. 1981, ch. 110, par. 267.) The Department argues that the Director's decision of November 18, 1981, constitutes the final decision of the Department. Consolidation Coal argues that the final decision was the Director's letter of January 8, 1982, denying Consolidation Coal's request for reconsideration. Unless there is an agency rule or statute which specifically provides for a rehearing, the final order becomes ripe for administrative review when it is rendered by the agency. If there is an agency rule or statute which provides for a rehearing, then an agency decision is not appealable until the aggrieved party requests rehearing and his petition is denied. (*Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 924, 410 N.E.2d 291, 293.) According to Consolidation Coal, provision for filing objections is made within the Administrative Review Act:

> "*** If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." Ill. Rev. Stat. 1981, ch. 110, par. 265.

We cannot accept Consolidation Coal's strained construction of the above-quoted provision. It merely provides for the circumstance in which the act governing procedure before an administrative agency allows for objections or rehearing. To become operative, this provision implicitly requires some specific independent authorization for objections or rehearing; it does not, standing alone, constitute such authorization. Were we to accept Consolidation Coal's contention that this provision is in itself authority for entertaining objections or petitions for rehearing, such authorization would extend to every administrative decision, thus rendering the "if" in that provision of no effect whatsoever.

As Consolidation Coal advances no other potential authorization for the objection procedure adopted in this case, we are compelled to conclude that the final decision of the Department for purposes of appeal was the Director's decision of November 18, 1981, that Consolidation Coal's complaint for administrative review was not timely

filed, and that the circuit court was without jurisdiction to decide the case other than to dismiss it.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is vacated, and this cause is remanded with directions that the complaint for administrative review filed herein be dismissed with prejudice.

Judgment vacated; cause remanded with directions.

KARNS and KASSERMAN, JJ., concur.