GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff-Appellee, v. HENRY GRISSOM, JR., Defendant and Third-Party Plaintiff–Appellant (Bob Brockland Pontiac-GMC, Inc., Third-Party Defendant–Appellee).

Fifth District   No. 5—85—0637

Opinion filed November 18, 1986.—Rehearing denied January 5, 1987.

WELCH, J., dissenting.

Donald M. Samson, of Stiehl & Stiehl, of Belleville, for appellant.

Marvin W. Goldenhersh, of Goldenhersh & Goldenhersh, P.C., of Belleville, for appellee Bob Brockland Pontiac-GMC, Inc.

Jim D. Keehner, of Jim D. Keehner, Ltd., of Belleville, for appellee General Motors Acceptance Corporation.

JUSTICE KARNS delivered the opinion of the court:

Defendant–third-party plaintiff, Henry Grissom, Jr. (hereinafter Grissom), appeals from a judgment of the circuit court of St. Clair County entered in favor of plaintiff, General Motors Acceptance Corporation (hereinafter GMAC), for the deficiency balance due on a retail installment contract and against Grissom on his complaint against third-party defendant, Bob Brockland Pontiac-GMC, Incorporated (hereinafter Brockland).

On November 11, 1981, Grissom purchased a used 1980 Ford van from Brockland. Grissom paid $1,000 at the time of purchase and financed the balance through GMAC. The van was repossessed in August of 1983 for failure to make the required monthly payments. Grissom paid the overdue amount and regained possession of the van. On

December 19, 1983, GMAC again repossessed the van and subsequently sold it by sealed bid through the Midwest Auto Pool Corporation. GMAC filed a complaint against Grissom for the balance due on the retail installment contract. Maintaining that the van he had purchased was "clipped," in that it contained the front portion of a 1980 Ford van and the rear portion of an older model which had been welded together, Grissom filed a third-party complaint against Brockland alleging fraud, breach of contract, and two counts of violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*). Grissom also filed an affirmative defense and counterclaim against GMAC alleging that as a result of Brockland's breach, GMAC as Brockland's assignee, was not entitled to further payments and should be ordered to return the amount that Grissom had previously paid. The trial court entered judgment in favor of GMAC on its complaint against Grissom and against Grissom on his complaint against Brockland. Grissom appeals.

The sole issue on appeal is whether the trial court's finding that the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*) had not been violated is against the manifest weight of the evidence. To establish a violation of the Act, plaintiff must show a misrepresentation, concealment or omission of a material fact with intent that others rely upon that fact. (Ill. Rev. Stat. 1983, ch. 121½, par. 262.) Grissom contends that the evidence established that the van was "clipped" when he purchased it from Brockland and that Brockland's failure to disclose the "clipping" constitutes an omission of a material fact, albeit an innocent omission (see *Duhl v. Nash Realty, Inc.* (1981), 102 Ill. App. 3d 483, 495, 429 N.E.2d 1267, 1277).

Regardless of whether he is claiming that Brockland's actions constitute an innocent omission, Grissom must have initially established that the van was "clipped" at the time of purchase. The following evidence leads us to conclude that Grissom failed to meet this burden. Grissom purchased the van on November 10, 1981. He asserts that he first noticed the defect in April of 1982. Upon noticing the defect, Grissom asserts that he took the van back to Brockland and that Brockland's body-shop manager confirmed that the van had been clipped. The manager testified that he was not aware of any significant defects in the body of the van and did not believe that he had made such a statement. Although he claims that he was aware of the defect, Grissom paid the overdue amount and redeemed the van after it had been repossessed in August of 1983. While Grissom introduced the testimony of the owner of an auto-body business that there was

no doubt that the van was "clipped," this witness did not examine the van until November 16, 1983, approximately one month before the van was repossessed for the second time. Grissom also introduced the testimony of Timothy Mallicoat in an attempt to establish the existence of the defect at the time of purchase. While Mallicoat testified that he saw a damaged van similar to the van in question at Brockland's body shop in April or May of 1981, Brockland established that it had not purchased the van until August of 1981.

At the time of the second repossession, Grissom had owned the van for almost two years and driven it approximately 25,000 miles. Brockland introduced the repair orders covering work done on the van after Brockland had purchased it and before it was sold to Grissom. These documents did not reveal evidence of "clipping." Brockland also introduced evidence that the mechanical inspection conducted to determine whether the van would qualify for an extended-service agreement did not reveal any defects in the body of the van.

■▪ ▪ While it is true that a plaintiff suing under the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*) need not establish all the elements of fraud, plaintiff is required to establish a misrepresentation or omission of a material fact under both causes of action. (*Mack v. Plaza DeWitt Limited Partnership* (1985), 137 Ill. App. 3d 343, 350, 484 N.E.2d 900, 906.) On these facts, we conclude that Grissom failed to establish by clear and convincing evidence that the van was "clipped" at the time of purchase and, consequently, failed to establish a culpably innocent omission of a material fact. Because Grissom failed to establish an essential element of his cause of action under the Act, we do not believe that the trial court erred in failing to grant Grissom relief under the Act with regard to either Brockland or GMAC.

■ The trial court entered judgment against Grissom and in favor of Brockland based upon its finding that Grissom failed to prove a violation of the Consumer Fraud and Deceptive Business Practices Act which "proximately caused him damages." Although we find this reasoning erroneous in light of the provision that deceptive acts or practices are "unlawful whether any person has in fact been misled, deceived or damaged" (Ill. Rev. Stat. 1983, ch. 121½, par. 262), the judgment of the trial court will be affirmed upon review if it is correct irrespective of whether the trial court's reasoning was erroneous. *Consolidation Coal Co. v. Department of Labor* (1985), 138 Ill. App. 3d 541, 543, 485 N.E.2d 1102, 1104.

For the foregoing reasons, the judgment of the circuit court of St.

Clair County is affirmed in all respects.

Affirmed.

HARRISON, J., concurs.

WELCH, J., dissenting.

I respectfully dissent. The majority notes the ground for decision stated by the trial court was erroneous, because under the Consumer Fraud and Deceptive Business Practices Act deceptive acts or practices are "unlawful whether any person has in fact been misled, deceived or damaged." (Ill. Rev. Stat. 1983, ch. 121½, par. 262.) Our next inquiry is whether the judgment should be affirmed on some other ground. (See *Consolidation Coal Co. v. Department of Labor* (1985), 138 Ill. App. 3d 541, 543, 485 N.E.2d 1102, 1104.) The majority decides Grissom did not establish the van was "clipped" when he bought it. In my opinion there was compelling evidence that he bought it "clipped."

The following facts are significant on that issue: Grissom's testimony showed he first drew the conclusion the van was "clipped" in April of 1982 when he tied up some wires he noticed were dragging. According to Grissom these wires were for an auxiliary fuel tank which the van as pieced together did not have, though the dashboard had an auxiliary fuel tank gauge. Grissom also testified that the first time it rained, one week after the purchase, the van leaked "through the windshield and on the side doors." This corresponds neatly with the testimony of Nick Gomric, an experienced auto-body repairman, that the vehicle was cut in two and welded across the floor and around the windshield and windshield post. There was much testimony from various witnesses regarding the van's condition and its substantial rust and deterioration, yet not the slightest suggestion the van was ever painted subsequent to the sale by Brockland to Grissom. Obviously no bodywork was done subsequent to the sale. Finally, none of Brockland's employees positively denied the van was sold "clipped." Mr. Brockland's testimony fell far short of an express denial. Mr. Brockland was cross-examined and testified:

"Q. I imagine if you were going to buy a car and it was a clipped model, you'd like to know that that was exactly what you were getting when you bought it, wouldn't you?

A. We did buy this car, sir.

Q. I imagine you would have liked to have known that that

was what you were getting when you bought the thing?

A. I would have liked to have known what now?

Q. That it was a clipped model when you bought it, if it was.

A. There was nothing on that van to indicate from the appearance that it was a clipped van.

Q. You just bought it from—

A. When our agent purchased that van.

Q. You bought it from some individual over in Missouri?

A. It was purchased from an individual who lives in St. Charles, Missouri, or somewhere in that area, and I believe Mr. Watson located it through an ad in the newspaper."

The evidence that the van was "clipped" before Grissom bought it was overwhelming. A reviewing court may substitute its judgment for that of the trier of fact where the lower court's judgment rested on unsatisfactory or insufficient evidence. (*Stavins v. Stavins* (1979), 70 Ill. App. 3d 622, 626-27, 388 N.E.2d 928, 931.) We should reverse as to both GMAC's claim and Grissom's third-party complaint and remand for assessment of Grissom's damages in his counterclaim against GMAC and his third-party action against Brockland.